### McCURRY et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 13, 1922.)

No. 3747.

1. Criminal law ⬤⟹822(16)—Instructions on measure of proof held not erroneous.
    A charge on the subject of reasonable doubt and measure of proof, construed as a whole, *held* not erroneous.

2. Intoxicating liquors ⬤⟹224—Instruction as to burden of proof approved.
    In a prosecution for operating a still without registering it and giving bond, an instruction that the prosecution need only prove circumstances from which lack of registry and filing of bond could be presumed, whereupon the burden of proof shifted to defendants to prove registration and filing of bond, *held* not erroneous.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Criminal prosecution by the United States against Ray McCurry and John Wall. Judgment of conviction, and defendants bring error. Affirmed.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Miller, O'Connor & Miller, of Livingston, Mont., for plaintiffs in error.

W. H. Meigs, Asst. U. S. Atty., of Helena, Mont.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. The indictment filed in the court below contained three counts. The first count charged the appellants with having made and fermented a certain mash fit for the production of spirits on premises other than a distillery duly authorized according to law; the second count charged the appellants with having failed and neglected to register a certain still, set up, which they had in their possession and custody; and the third count charged them with having carried on the business of distillers without having given the bond required by law. Upon the trial of the cause the appellants were convicted upon the second and third counts of the indictment, and were found not guilty upon the first count. Judgment was entered accordingly, and from this judgment the appellants prosecute this writ.

[1] The appellants contend that the lower court erred in instructing the jury at the trial that evidence tending to show the probability of guilt of the defendants was sufficient to warrant a conviction. This is an erroneous statement of the court's instruction. The counsel for the appellants in his argument to the jury had said that the jury could not convict on suspicion. The court said that "that is true, but he [counsel] went on to say that you [the jury] could not convict on probabilities." There the court interrupted counsel, and stated that "that is not the law, because, after all, all cases are determined upon probabilities." The court thereupon gave the following instruction:

"There is no such thing as absolutely proving the guilt of the defendants, and guilt never needs to be proven to an absolute certainty because that is impossible. It needs only be proven to that high degree of probability that creates in your minds an abiding conviction to a moral certainty that he is guilty."

The court had previously instructed the jury:

"That these defendants are presumed to be innocent, and that presumption requires that you acquit them; unless, after your review of all the evidence, you believe it overcomes to a degree that satisfies you that they are guilty beyond a reasonable doubt, it is your duty to convict them."

This was unquestionably a correct statement of the law. Dunbar v. U. S., 156 U. S. 185, 199, 15 Sup. Ct. 325, 39 L. Ed. 390. It is not necessary to repeat what has been so often said in this court that counsel cannot select a particular passage or portion of the charge of the trial court for the purpose of establishing error. The whole charge must be taken together, and if it appears therefrom that the law has been fully and fairly stated, and that the jury must have so understood him, the fact that some passage, or even passages, are open to criticism, cannot be successfully urged as reversible error.

[2] It is next assigned as error that the lower court erred in instructing the jury that the burden was upon the defendants to show the registration of the still and the filing of the bond. The court instructed the jury that the prosecution need only prove the circum-

stances from which can be presumed lack of registry and bond filed, whereupon the burden shifted to defendants to prove registration and filing of bond.

A circumstance of great significance against the registration of the still and filing of a bond by the appellants was the fact that they made no claim of ownership, interest in, or knowledge of the still. This was in accordance with their plea of not guilty, and was a practical admission that they had not registered the still, nor given bond therefor. This fact was brought to the attention of the appellants by the court in its decision denying the motion for a new trial, in response to which they remained silent. The absence from the case of any claim of ownership, intent, interest in, or knowledge of the still, on the part of the appellants, was a material circumstance, sufficient to shift the burden of proof, and justify the instruction of the court to the jury that the burden was upon the defendants to prove the registration of the still and filing of bond. If the appellants had registered the still and filed the bond, they knew that fact better than any one else, and could have so stated at any time during the proceedings against them.

The two remaining assignments of error are sufficiently covered by what has already been stated.

We find no error in the proceedings of the District Court, and the judgment is therefore affirmed.