### GOODFRIEND et al. v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. December 17, 1923.)

No. 4057.

1. **Indictment and information** ⟨⟩129(1)—**Counts alleging conspiracy properly joined with counts alleging violations of prohibition laws.**

   Counts alleging a conspiracy to possess, to sell, and to manufacture moonshine whisky, and counts alleging possession of an unregistered still, the carrying on of the distillery business without giving a bond, and fermenting mash fit for distillation on premises other than a distillery, *held* to relate to the same acts and transactions, and to depend on substantially the same proof, and hence were properly joined under Rev. St. § 1024 (Comp. St. § 1690).

2. **Criminal law** ⟨⟩1149—**Indictment and information** ⟨⟩140(1)—**Motion to quash addressed to trial court's discretion and not reviewable.**

   A motion to quash is addressed to the discretion of the trial court, and its denial will not be reviewed in an appellate court.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied February 11, 1924.

3. **Intoxicating liquors ⊂⇒224—Defendants have burden of proving registration of still and filing of bond.**

In a prosecution for possessing a still in violation of the revenue law, where defendants pleaded not guilty and denied all knowledge of the location of the alleged still or its operation, *held*, that defendants have the burden of showing that the still shown to exist had been registered and a bond filed.

4. **Conspiracy ⊂⇒45—Evidence of service of abatement papers on hotel in which one defendant roomed admissible.**

In a prosecution for conspiring to violate prohibition laws, testimony that witness had served abatement papers on a hotel in which one of the defendants roomed *held* admissible, in view of testimony showing the effect of the abatement proceedings on the other defendants.

5. **Conspiracy ⊂⇒45—Finding of defendant's newspaper at still admissible.**

In a prosecution for conspiring to violate prohibition laws, evidence that two newspapers with printed labels containing name of one of the defendants were found by the searching officers on the premises where the still was in operation *held* admissible.

6. **Witnesses ⊂⇒270(2)—Cross-examination as to relation with Ku Klux Klan held improper.**

In a prosecution for conspiring to violate prohibition laws, a refusal to permit a witness for the government to be cross-examined concerning her relations with the Ku Klux Klan was proper.

7. **Witnesses ⊂⇒255(2)—Memoranda made by witness may be used to refresh memory.**

In a prosecution for conspiring to violate the prohibition act, memoranda made by witness at the time she overheard conversations between co-defendants may be used to refresh her memory.

8. **Witnesses ⊂⇒255(5)—Memorandum copied from another may be used to refresh witness' memory.**

It is not a valid objection to the use of a memorandum by a witness to refresh his memory that it has been copied from another.

9. **Witnesses ⊂⇒255(4)—Memorandum may be used to refresh memory, though not made by witness.**

It is not necessary that memorandum used by witness to refresh his memory shall have been made by him, so long as he can testify from his own recollection.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

H. Goodfriend and others were convicted of violating the prohibition laws, and they bring error. Affirmed.

Hawley & Hawley and J. R. Smead, all of Boise, Idaho (Claude W. Gibson and William Healy, both of Boise, Idaho, of counsel), for plaintiffs in error.

E. G. Davis, U. S. Atty., and John H. McEvers, Asst. U. S. Atty., both of Boise, Idaho.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were convicted on six counts of an indictment. The first three counts charged them with a conspiracy to possess moonshine whisky for sale, to sell moonshine whisky, and to manufacture moonshine whisky. The fourth

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

count charged them with having in their possession a still with accessories ready for operation, without first having registered the same with the collector of internal revenue; the fifth charged them with carrying on the business of a distillery without having given bond, with intent to defraud the United States of the tax; and the sixth charged them with making and fermenting on premises other than a distillery certain mash fit for distillation and intended for the production of spirits—all of said counts being charged to be in violation of law.

[1, 2] The plaintiffs in error moved that the government be required to elect between the conspiracy counts and the other counts, and they assign error to the denial of that motion and their motion to quash the indictment. It is argued these offenses of different kinds cannot lawfully be joined. Section 1024, Rev. Stats. (Comp. St. § 1690), provides:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments· the whole may be joined in one indictment in separate counts."

There can be no question here but that the counts of the indictment all related to the same acts and transactions, all depending on substantially the same proof, and were properly joined, Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208; Sidebotham v. United States, 253 Fed. 418, 165 C. C. A. 159; Ader v. United States (C. C. A.) 284 Fed. 13, 24, and cases there cited. A motion to quash is addressed to the discretion of the trial court, and its denial will not be reviewed in an appellate court. Andrews et al. v. United States, 224 Fed. 418, 139 C. C. A. 646.

It is argued that one cannot be convicted under both the Prohibition Act and the revenue laws for the same act, and United States v. Stafoff, 260 U. S. 477, 43 Sup. Ct. 197, 67 L. Ed. 358, is cited. That decision has no relation to any question in the present case. This is not a case in which convictions have been had both under the Prohibition Act and the revenue laws for the same act.

[3] Error is assigned to the instruction of the court that the jury might find the defendants guilty on the last three counts of the indictment. Exception was taken to the instruction on the ground that there was no evidence to support the counts in that the government had offered no proof that the defendants failed to register their still or failed to furnish a bond, or that the distilling was not carried on as authorized by law. But it is clear, in view of the other evidence in the case, that the burden was upon the defendants to show that the still had been registered and a bond had been filed. We made a similar ruling in McCurry v. United States, 281 Fed. 532. In that case we pointed to a circumstance which we said was of great significance, the fact that the defendants had made no claim of ownership, interest in, or knowledge of the still, and we observed that this was practically an admission that they had not registered the still or given bond therefor. In the case at bar the plaintiffs in error pleaded not

guilty to all the counts of the indictment and they denied all knowledge of the location of the still or its operation.

Error is assigned to the admission in evidence of certain intoxicating liquor and other articles obtained by government officers upon a search of the rooms occupied by the defendant Sorenson and his wife in the Vernon Hotel. Prior to the indictment a search of the hotel had been made under a search warrant, whereupon an information had been filed against the Sorensons in the court below, charging them with the possession of intoxicating liquor. The Sorensons filed in that court a petition, supported by affidavits, for the return of the seized property. On an order to show cause, the prohibition director appeared and demurred to the petition and to the affidavits in support of it. The court denied the petition without prejudice. When the Sorensons were indicted in the case at bar, it was stipulated that the record on the petition and the proceedings thereon had been made a part of the record in the present case. It is now contended that the trial court erred in permitting the introduction of the evidence so obtained on the search warrant.

Upon the hearing of the Sorensons' petition, the court confined discussion to the question whether upon the petition and the affidavits the rooms occupied by the Sorensons in the Vernon Hotel were used by them exclusively as their residence, so as to constitute the same a private dwelling, within the meaning of the National Prohibition Act. The court was not satisfied that the showing made by the affidavits was sufficient, and during the trial of the case now under review the court excused the jury and offered the Sorensons an opportunity to be heard upon their own sworn testimony as to the situation at the Vernon Hotel. The opportunity was declined. The evidence on the trial tended to prove that the premises were used by the Sorensons for a double purpose; that they were used as a rooming house and also as a place for carrying on an unlawful traffic in intoxicating liquor.

It is urged that the affidavit for the search warrant was fatally defective, but the plaintiffs in error failed to preserve in the court below the right to challenge the sufficiency of the warrant or the affidavit on which it was issued. They rested their objection wholly upon the affidavits which were made in support of the petition for the restoration of the property that had been taken under the search warrant. They objected to the admission of testimony concerning what was found at the Vernon Hotel, on the ground that proper foundation had not been laid by showing authority to make the search. That objection was met by the government by introducing in evidence the search warrant and the related papers, and those papers were admitted without objection and were read to the jury. Inquiry into the situation at the Vernon Hotel did not close with the affidavits and the showing made on the petition. The question of the purposes for which the premises were used was still open for investigation on the trial of the present case in the court below.

[4] It is assigned as error that a deputy United States marshal was permitted to testify that he had served abatement papers on the Ver-

non Hotel on January 30, 1923. The testimony was not incompetent, for the testimony of a witness was introduced to show the effect of the abatement proceedings upon Sorenson's codefendants as tending to indicate their complicity in the conspiracy.

Nor was it error to permit the prosecution to cross-examine the defendant Griffith, the chief of police, concerning his knowledge of the reputation of his codefendant Goodfriend in the matter of gambling. Griffith had admitted that on various occasions he had gone to Goodfriend's office. On cross-examination he was asked why he did not require Goodfriend to come to his office rather than obey the latter's bidding, and in that connection he was asked:

"And you knew he was gambling in this town in violation of the law, did you not?"

The purpose of the evidence was to connect the chief of police with the conspiracy, and we think it had some tendency to do so, and that to admit it was not reversible error.

[5] Nor do we find error in admitting in evidence the fact that two newspapers with printed labels containing Goodfriend's name were found by the searching officers on the premises where the still was in operation. They tended to show Goodfriend's connection with the operation of the still.

[6] Nor was it error to refuse to permit Mrs. Curtis, a witness for the government, to be cross-examined concerning the relations of herself and her husband with the Ku Klux Klan. There was no apparent occasion to complicate the case by a reference to the Ku Klux Klan. The witness had been asked whether she had not had a quarrel with Goodfriend. It was not suggested that the quarrel concerned the Ku Klux Klan. She denied that she had ever quarreled with Goodfriend.

[7] A number of assignments of error relate to the testimony of Mrs. Curtis. She testified that from a room adjoining Goodfriend's office she had overheard conversations between him and some of his codefendants and that she wrote at the time memoranda of the conversations. It seems to be earnestly contended that she was permitted to read her memoranda in evidence and error is predicated thereon. But the record fails to show that the witness read her memoranda to the jury or used her memoranda for any purpose other than to refresh her memory. Both court and counsel directed her to refer to her notes only for that purpose. Reliance is placed on the fact that at one time counsel for the government said to her: "Well, all right, read your notes." This, standing by itself, might indicate that direction was given her to read her notes to the jury, but it is evident that the intention of counsel was to direct her to read over her notes for the purpose of refreshing her memory. The record shows that the witness thereupon proceeded to testify from her memory.

[8] Equally without merit are the contentions that it was error to permit the witnesses Kuchenbacher and Reynolds to testify from memoranda concerning conversations heard by them while in the room which Mrs. Curtis had occupied. It appeared that these witnesses,

while in the room, made notes of the conversations which they heard; but, being unable to write with speed sufficient to take down all that they heard, they soon thereafter extended their notes in greater detail, and while the facts were still fresh in their memories, and in the case of Kuchenbacher a third memorandum was made, and the prior two destroyed. It is not a valid objection to the use of a memorandum that it has been copied from another. 28 R. C. L. 595, and cases there cited.

[9] It is not even necessary that the memorandum shall have been made by the witness himself, so long as he can speak to the facts from his own recollection. Putnam v. United States, 162 U. S. 687, 16 Sup. Ct. 923, 40 L. Ed. 1118. The objections to the testimony of these two witnesses were solely on the ground that the memoranda used by them were not the original writings. There was no suggestion of the objection now made that Kuchenbacher did not testify that his notes were correct, or that the book he used contained an accurate statement of his recollection at the time when he wrote it.

There are other assignments of alleged error in the admission of testimony and rejection of offered testimony. We find error in none of them.

The judgment is affirmed.