### GIACOLONE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 7, 1926.)

No. 4768.

1. **Intoxicating liquors** &#8667;248—**Affidavit for search warrant, alleging person possessed still on described premises, held sufficient.**

Affidavit that certain person was possessing a still and distilling apparatus on premises described *held* sufficient basis for issuance of a warrant to search such premises, though statement as to possession was in nature of conclusion.

2. **Searches and seizures** &#8667;3—**Description in search warrant of place to be searched held sufficient.**

Description in a search warrant of the place to be searched as a barn located on a farm situated a certain distance from a named point on a named road, and being "the second farm on the left side of said road after turning to the right," *held* not insufficient, in absence of evidence showing it to be so.

3. **Intoxicating liquors** &#8667;249—**Illegal acts of officers held not to render unlawful search under valid warrant.**

A search under a valid search warrant is not rendered unlawful by failure of the officers to leave a copy of the warrant and a receipt for the property taken with the person in charge, or by their destruction of a large part of the property found, especially where it consisted of a large quantity of mash, in a state of fermentation, which could not be returned into court.

4. **Intoxicating liquors** &#8667;224.

In a prosecution for having in possession an unregistered still, the burden of proving registry is on defendant.

5. **Intoxicating liquors** &#8667;209—**Indictment for possession of unregistered still need not aver that it was not registered by any one (Rev. St. § 3258 [Comp. St. § 5994]).**

Rev. St. § 3258 (Comp. St. § 5994), requires the person in possession of a still to register the same, and it is not necessary to aver in an indictment that it was not registered by any one, where it avers nonregistration by defendant, and possession and control by him.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Criminal prosecution by the United States against Jim Giacolone. Judgment of conviction, and defendant brings error. Affirmed.

S. A. Gagliardi, Charles T. Peterson, and Charles O. Bates, all of Tacoma, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and Arthur E. Simon, Asst. U. S. Atty., both of Seattle, Wash., and Carroll A. Gordon, Asst. U. S. Atty., of Tacoma, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction on counts 2 to 5, inclusive, of an indictment charging violations of the internal revenue laws relating to the manufacture of intoxicating liquor. Count 2 charges that the plaintiff in error and Dick Manzo and John Lupo, at a certain time and place within the jurisdiction of the court, had in their possession and under their control two stills and distilling apparatus, set up for the making and distilling of alcoholic liquor, which said stills had not then nor theretofore been registered by the plaintiff in error or by Manzo or Lupo. The third count charges that the same parties, at the same time and place, used the two stills for the purpose of distilling spirits in a certain shed or outbuilding situated in an inclosure with a dwelling house. Count 4 charges that the same parties, at the same time and place, carried on the business of distillers without having given a bond. Count 5 charges that, at the same time and

place, the same parties made and fermented certain mash fit for the distillation of spirits, in a certain building and on the certain premises which building and premises were not then and there a distillery duly authorized according to law.

Before the trial the plaintiff in error filed a petition to suppress evidence. From this it appeared that the plaintiff in error and his codefendants were in the exclusive and lawful possession of certain real property therein described, and on December 16, 1924, were entitled to the exclusive and unmolested possession thereof, such property consisting of a farm, farm buildings, and dwelling house occupied by the plaintiff in error and his family; that on the above date certain federal prohibition agents entered the premises and searched the same, finding therein the distilling apparatus and intoxicating liquor described in the indictment; that at the time of such entry and search the officers did not exhibit a search warrant, and no search warrant was served on the petitioners; and it was averred on information and belief that the entry was made without a search warrant and without authority of law, in violation of the Fourth and Fifth Amendments to the Constitution.

In opposition to the petition to suppress, it was made to appear that the search was in fact made under and by virtue of a search warrant, and copies of the warrant and the application therefor were attached. The affidavit for the search warrant averred in direct terms that one John Doe Ferris, whose true name was unknown, on December 15, 1924, and thereafter was and is possessing a still and distilling apparatus, and materials designed and intended for use in manufacturing intoxicating liquor, and in manufacturing, possessing, and selling intoxicating liquor, all for beverage purposes, and in addition thereto affiant on personal investigation could smell the odor of mash in a state of fermentation, and could see steam coming from the barn in which the still was located, and saw a truck with kegs going into the barn, all on the premises described as a farm occupied by said John Doe Ferris, located on the Summit road, 2.8 miles southerly of the city of Tacoma water pipe line, and was the second farm on the left side of the said road after turning to the right. The search warrant recited the facts as set forth in the affidavit and described the premises in the same way. Objection is now made to the search warrant, first, because there was no sufficient showing of probable cause; second, because there was no sufficient description of the premises to be searched; and, third, because the officers did not execute and make return of the warrant as required by law.

[1] The contention that there was no sufficient showing of probable cause for the issuance of the search warrant is unfounded. Steele v. United States, No. 1, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757. As already stated, the affidavit averred in direct terms that a certain person therein named was and is possessing a still and distilling apparatus at a certain place, and while the statement that the party was and is possessing the property was in the nature of a conclusion, as possession is a mixed question of law and fact, yet laying aside the question of possession entirely, there remained the direct averment that the still and distilling apparatus were there, and that of itself was ample justification for the warrant. Nor do we think that there is merit in the contention that it does not sufficiently appear that the officer who made the affidavit gained the knowledge therein referred to on the date specified in the affidavit.

[2] It will be conceded that the description of the property to be searched is quite general. But the office of a description in a search warrant is to enable the officer to whom it is directed to locate the place definitely and with certainty, and the sufficiency of a description can seldom be determined from an inspection of the warrant alone. Thus, the description of a building as situate on a certain block, or even on a certain section of land would be ample if there was but one building on the block or section; whereas, under other circumstances, it would be no description at all. So here, in the absence of extrinsic evidence, we are unable to say that the description in the warrant was not sufficient to lead an officer unerringly to the barn or place in question.

[3] If the search warrant was valid and the original entry lawful, we cannot agree with the contention that the search was rendered unlawful by the mere failure of the officers to leave a copy of the warrant and a receipt for the property taken, or by the destruction of a large portion of the property found on the premises. United States v. Clark (D. C.) 298 F. 533; United States v. Old Dominion Warehouse (C. C. A.) 10 F.(2d) 736. The contention of the plaintiff in error finds support in Murby v. United States (C. C. A.) 293 F. 849, but that decision was materially modified, if not entirely overruled, in Hurley v. United States, 300 F. 75, 78, where the same court said:

"The unauthorized and illegal act of the

officer in destroying the fermenting mass in the boilers did not render his testimony as to his acts in the service of the warrant with which he was armed incompetent, nor render the search and seizure of the beer and equipment for its manufacture unlawful, and in violation of the defendant's constitutional rights, so that they would not be competent evidence."

We are not called upon to decide whether in every case officers may be permitted to testify to the characteristics or qualities of property which they have willfully destroyed, but in the present case several thousand gallons of mash in a state of fermentation were found on the premises, and it is idle to say that it was the duty of the officers to return this entire mass of putrid perishable property into court. It may be said that they should have retained samples, at least; but the seizure was made in December, 1924, and the case was not brought on for trial until October, 1925, so that samples, if retained, would prove little or nothing at that late day. As to the stills, distilling apparatus, and other nonperishable property, the plaintiff in error substantially admitted the truth of the charge in his petition to suppress evidence. True, he did not admit in so many words that the illicit property was in his possession and under his control; but he did aver that the premises and building where it was found were in his exclusive and lawful possession, and that he was entitled to the exclusive and unmolested possession thereof.

[4] It is further contended that the burden of proof was on the government to show that the stills were not registered and that the plaintiff in error failed to give bond. But the fact of registration and the fact of giving bond were peculiarly within the knowledge of the plaintiff in error, and the burden was therefore upon him to show a compliance with the requirements of the statute. Faraone v. United States, 259 F. 507, 170 C. C. A. 483; McCurry v. United States (C. C. A.) 281 F. 532; Goodfriend v. United States (C. C. A.) 294 F. 148.

[5] The second count of the indictment charges that the stills were not registered by the plaintiff in error or by his associates, and it is contended that the count is defective for failure to charge that the stills were not registered by any person, or at all. Section 3258 of the Revised Statutes (Comp. St. § 5994) provides that every person, having in his possession or custody or under his control any still or distilling apparatus set up, shall register the same with the collector of the district in which it is; that every still or distilling apparatus not so registered, together with all personal property in the possession or custody or under the control of such person, and found in the building or in any yard or inclosure connected with the building in which the same shall be set up, shall be forfeited; and that every person having in his possession or under his control any still or distilling apparatus set up which is not so registered shall be guilty of an offense. If under this statute the plaintiff in error had in his possession or under his control a still not registered by him, the offense was complete, whether the still was registered by some other person or not. The language, "so registered," can only have reference to registration by the person having possession, custody, or control of the property.

There are other minor assignments of error, but they call for no discussion.

We find no error in the record, and the judgment is affirmed.