## COLASURDO v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
December 12, 1927.

No. 5155.

1. **Arrest ⬳63(4)—Officers who, after finding uncompleted still under search warrant, saw defendant arrive in open car with remaining parts, had probable cause for arrest.**

Where officers, entering premises under a search warrant, having found still on premises, which was newly installed and incomplete for want of certain portions, saw defendant arrive in open automobile containing missing portions of still, officers had reasonable ground and probable cause for making arrest.

2. **Criminal law ⬳404(4)—Recently distilled liquor on premises in which new still was being installed, to which defendant was bringing missing parts, held admissible against defendant.**

In prosecution for distilling spirits without bond and possessing unregistered still, recently distilled liquor found on premises where new still was being installed, and at which defendant arrived with remaining parts, held sufficiently connected with defendant's possession or ownership to warrant its introduction in evidence.

3. **Criminal law ⬳778(5)—Instruction that defendant had burden to prove registration of distillery and furnishing bond held not error, where court instructed jury must find defendant operated distillery.**

Instruction that defendant, accused of possessing unregistered still, had burden to prove registration of distillery and that bond had been furnished, was not erroneous, where given in connection with charge that jury must find he carried on business of a distiller and possessed distilling apparatus, in order to find him guilty.

4. **Internal revenue ⬳47(3)—Defendant, carrying on distillery business and possessing distilling apparatus, had burden to show distillery was registered and bond furnished.**

If defendant, accused of possessing and operating still, carried on business of distiller and possessed apparatus, burden was on him to prove that distillery was registered and that bond had been furnished.

5. **Criminal law ⬳656(3)—Statement of court relative to common practice of having pressure tanks at stills held not prejudicial, in prosecution for operating unregistered still.**

In prosecution for carrying on distillery business without giving bond or registering apparatus, statement of court that it was "common practice to have stills exactly similar to this, smaller or larger, but of a similar character, at all stills," made in connection with objection to question asked witness as to pressure tanks at other stills, held not prejudicial.

6. **Internal revenue ⬳47(2)—Evidence of possession of 2,000 gallons of mash held not fatal variance from indictment charging possession of 300 gallons.**

In prosecution for operating still without bond or registration of apparatus, evidence of possession of 2,000 gallons of mash fit for distillation held not fatal variance from indictment charging defendant with possession of only 300 gallons.

7. **Internal revenue ⬳47(6)—Evidence held for jury in prosecution for operating unregistered still without bond.**

In prosecution for carrying on business of distiller of spirits without having given bond, and for possessing and controlling unregistered distilling apparatus, evidence of defendant's connection with still and distilling apparatus held sufficient to make issue for jury.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Angelo Colasurdo was convicted of carrying on a distillery business without giving a bond, and of possessing and controlling an unregistered still, and he brings error. Affirmed.

The plaintiff in error was convicted on two counts of an indictment, the first of which charged him with carrying on the business of a distiller of spirits without having given a bond as required by law. The second charged him with the possesion and control of a certain still and distilling apparatus, set up for making and distilling alcoholic liquor, which had not been registered with the collector of internal revenue for the collection district of Washington.

Prohibition agents, acting under a search warrant, found upon certain ranch premises some 22 miles from Seattle a cave containing a 300-gallon still and four large vats; the lat-

ter containing 1,500 gallons of corn and sugar mash, and one of them containing 300 gallons of wine. The still was brand new and showed no signs of use. It stood upon a platform built especially to hold it, and it was divided into five compartments. In two of the compartments oil burners were installed; the other three compartments were empty. Other liquor was found elsewhere on the premises, concealed beneath a chicken house and beneath a small shed. In another cave was found the foundations for a still, which had been removed but recently, for the cave was pervaded with a strong odor of mash and distilled spirits. After making these discoveries, the officers saw the plaintiff in error in an automobile approach the gate at the entrance of a lane running from the main road to the ranch house. He got out of the car, opened the gate, drove in, returned and shut the gate, and had proceeded about 200 feet up the lane, when he was stopped by one of the prohibition officers. The car was a touring car, with a very low body and without side curtains.

Standing alongside, the officer saw in plain sight inside the car a 20-gallon pressure tank, three oil burners exactly like the two which had been installed under the still in the cave, a pump to drive air into a pressure tank, a large coil of syphon hose, two funnels, burner valves, burner throttles, burner wrenches, etc. The officer accompanied the plaintiff in error to the ranch house, and there the latter was placed under arrest. The particular still found in the cave had not been used, but it was in evidence that it was capable of being used notwithstanding that there were but two burners installed, and there was evidence sufficient to indicate that the place had been recently in use for distillation. The walls of the cave and mash vats were covered with yellow smoke and mash in the floor was saturated, and there was a well-worn path from the ranch house to the place where the cave was, the entrance to which had been carefully concealed.

Charles H. Miller, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and Paul D. Coles, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] Error is assigned to the refusal of the court below to suppress evidence and to quash the search warrant, and it is contended that the plaintiff in error was arrested without probable cause and without reasonable ground to believe that he was violating the Volstead law (27 USCA) or the internal revenue law. No ground was advanced in the court below, nor is any presented in this court, for quashing the search warrant. The officers in possession of a search warrant found on the premises therein described a still, newly installed, which was incomplete for want of certain portions, and they found the plaintiff in error bringing the missing portions upon the premises, obviously for the purpose of completing the still, and they knew that he was necessarily aware of the open and visible contents of the auto in which he was bringing them. Clearly there was ample ground for the arrest.

[2] It is said that the court erred in refusing to instruct the jury to disregard as testimony in the case the liquor which was introduced in evidence, for the reason that the plaintiff in error was not charged with or connected with the possession or ownership thereof. From the record it appears that no such request for instruction was made. We think the evidence did sufficiently connect the defendant with the liquor that was introduced in evidence. It was found in various places on the premises and under circumstances which raised a strong presumption that it had been manufactured there, by the owner of the new still, which was being installed in the cave in place of a still which presumably had been removed therefrom. There had been recent distillation. The mash which was found was in condition for present distillation, and the liquor, while it was not introduced for the purpose of showing possession or ownership by the defendant, was competent as tending to indicate that he had been engaged in illicit distillation.

[3, 4] Error is assigned to the instruction of the court to the jury that, under the circumstances, the burden of proof was upon the defendant to show that the distillery was registered and that a bond had been furnished. The court in that connection instructed the jury that, before they could find the defendant guilty, they must find that he carried on the business of a distiller and possessed the distilling apparatus set up for the distilling of alcoholic liquor. We find no error in either instruction. Goodfriend v. United States (C. C. A.) 294 F. 148, 150. Giacolone v. United States (C. C. A.) 13 F.(2d) 108; Id. (C. C. A.) 13 F.(2d) 110.

[5] It is contended that there was error in the remarks of the court in the following colloquy:

"Mr. Coles: Have you ever seen a tank similar to that used for the operation of a still before?

"Mr. Northrup: I object to that as incompetent, irrelevant, and immaterial.

"The Court: Objection overruled. It is a common practice to have tanks exactly similar to this—smaller or larger, but of a similar character—at all stills."

No exception was taken to the remarks of the court nor are they assigned as error. Nor can we see that they were prejudicial to the plaintiff in error. Doubtless it was common knowledge, at least to court and counsel engaged in the trial of cases of this nature, that it was the practice to have tanks at all stills; the tank being a pressure tank, indispensable to the use of oil burners.

[6] It is said the court below erred in permitting the government to introduce evidence of possession of 2,000 gallons of mash fit for distillation, whereas the indictment charged the defendant with having in his possession but 300 gallons fit for distillation. It is impossible to see how this variance between charge and proof could have injured the plaintiff in error.

[7] The motion for a directed verdict of acquittal was properly denied. There was sufficient evidence to go to the jury to show the connection of the plaintiff in error with the still and the distilling operations. He testified that the contents of his car were delivered to him on the street that morning in Seattle, after he had started to drive to Issaquah, a place where he had often gone to fish; that they were delivered to him by a man "who used to come down to the pool room all the time to play pool"; that the man asked him where he was going, and, on receiving his answer, asked him as a favor to take the packages in his car and "go to the detour to a bridge, and after the bridge, the first gate across the road to the left, and drop this stuff about 200 feet inside that place; leave it there; somebody is going to pick it up." But it was undisputed that, when arrested, the plaintiff in error made statements quite at variance with those which he made in his testimony; that, when arrested, he stated to the officers that the man who gave him the materials asked him if he would take them out "to the still in Maple Valley"; and that he said to the man that "he was going out to Maple Valley, and would be glad to take it out for him"; that in answer to the question, what business he had going up to Maple Valley, he said he was just going up there that morning, because it was a nice drive; that he stated, also, that he never had known the man who delivered the articles to him, and he nev-

er saw him before; and that he admitted to the officers that he knew the material he carried was to be used in the manufacture of distilled spirits.

We believe that the contradictory statements of plaintiff in error as to the circumstances under which the articles came into his possession, and the inherent improbability of the whole of his explanation of his possession thereof, together with the other evidence in the case, were sufficient to justify the submission of the case to the jury.

The judgment is affirmed.