## RHODES v. UNITED STATES.
### No. 5989.

Circuit Court of Appeals, Ninth Circuit.
March 17, 1930.

Rehearing Denied April 23, 1930.

Vanderveer, Bassett & Levinson, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

Before DIETRICH and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

WILBUR, Circuit Judge.

The defendant was convicted on each of three charges in an indictment concerning intoxicating liquor. The first count charged the defendant with carrying on the business of a rectifier of spirits without having paid the tax; the second count charged him with the unlawful possession of two hundred gallons of whisky; and the third count charged him with maintaining a nuisance. On the first and third counts he was sentenced to a term of eight months in the county jail, to run concurrently, and to pay a fine of $100 in addition under count 1, and of $300 under count 2. The appellant's principal point is that the evidence fails to substantiate any one of the charges. It appears from the evidence that on November 23, 1928, a federal prohibition officer saw a truck near Newcastle, in the state of Washington, and followed it to the city limits of Seattle and on through to a ranch owned by the defendant's wife. There two men concealed some liquor underneath the barn and returned to Seattle. At 10 o'clock the next day a search warrant was obtained, and the Beal ranch was searched and the following was found: Two hundred

gallons of moonshine whisky (one hundred gallons colored and one hundred gallons uncolored) in ten-gallon kegs; some empty kegs and some empty bottles; a bottle of juniper such as was used for the purpose of rectifying, a siphon hose such as was used for drawing the liquor out of the ten-gallon kegs and gallon jugs, some bottles of flavoring extracts, silicate of soda, a carrier used to hold filtering paper for filtering liquor, and some filtering papers.

It is to be inferred from the testimony of the prohibition officer that these materials found with the whisky were such as were used for rectifying liquor. The prohibition officers remained on the premises until November 26th at 3:45 p. m. At first they were concealed north of the barn, but on the 24th Mrs. Rhodes came to the premises and admitted them to the basement of the house. On the 26th Mrs. Rhodes returned to the house, and at 3 o'clock in the afternoon the defendant came there. The prohibition agents were concealed and heard the conversation between the defendant and Mrs. Rhodes continuing for about half an hour. During the conversation, Mrs. Rhodes asked him why he did not get the liquor off the premises, and he replied that he would get it off when he got ready to do so. He stated it was his liquor, and told her to leave it alone. She said, "If you don't move the liquor I will smash it up myself." The defendant replied, "If you smash it up I will drill you full of holes and if there are any other stool-pigeons around here I will drill them full of holes." He stated he was paying the prohibition agent $50 a month for protection, and had been doing so for four months, and was also paying the sheriff and the police department for protection, and had been for the last four months. When she stated she would call in the federal officers, he replied, "If you have any stool-pigeons around here I will drill them, and will also drill you." Immediately thereafter he was placed under arrest. He stated to the prohibition officers that the liquor in the barn belonged to him but he denied having made the statement which they had overheard concerning his payment to a prohibition officer, who was one of the arresting officers. He went to the barn and helped to destroy the liquor and again stated that the liquor belonged to him, that he had colored it, and that all the paraphernalia belonged to him.

The appellant testified that he and Mrs. Rhodes were married on the 8th of August, 1928, separated on the 29th of October, 1928, and made a property settlement on that date; that he had lived with her on the ranch until the time of the property settlement.

As to the nuisance charge contained in the third count, it is claimed that there was no sufficient continuity of action for a sufficiently substantial period to constitute the maintaining of a nuisance, and the following cases are cited on that subject: Marron v. United States (C. C. A.) 8 F.(2d) 251; United States v. Ward (C. C. A.) 6 F.(2d) 182; United States v. Hill (D. C.) 1 F.(2d) 954; Hattner v. United States (C. C. A.) 293 F. 381; United States v. Cohen (D. C.) 268 F. 420; Reynolds v. United States (C. C. A.) 282 F. 256. This contention, we think, is sufficiently answered by our decision in Feigin v. United States, 279 F. 107, wherein it is held that the unlawful possession of the liquor for the purposes of violating the Federal Prohibition Law (27 USCA) was the gist of the offense, and the period of time during which the liquor was kept upon the premises for that purpose was relatively immaterial. See, also, the case of Singer v. United States, 288 F. 695, by the Circuit Court of Appeals of the Third Circuit, and United States v. Ward et al. (C. C. A.) 6 F. (2d) 182.

With reference to the charge for failing to pay tax as a rectifier, it is claimed the evidence is insufficient for the reason that there is no evidence that the tax was not paid. The burden of proving the payment of tax was upon the appellant. Giacolone v. United States (C. C. A. 9) 13 F.(2d) 108; McCurry v. United States (C. C. A.) 281 F. 532. Accepting the testimony of the prohibition officers that the materials found with the liquor were suitable for rectifying, then, if they were used by the appellant, it would constitute him a rectifier of spirits within the meaning of 26 USCA § 204, Id., Rev. St. § 3244. Evidence affirmatively shows that he did not use these materials at any time after their delivery to the barn. The prohibition officers were on the premises the entire period, and he did not appear thereon until the time of his arrest. A fair inference from the evidence is that the liquor and materials were delivered upon the premises at his instigation, and that he intended to use these materials for the purpose of rectifying the liquor within the meaning of that term as used in 26 USCA § 204, supra. The only evidence in the record that he did use any of the material on the premises for that purpose is his own statement that he colored that part of the moonshine whisky found on the premises. There is no evidence as to what substance he

used to color the liquor, and, as whisky when produced by distillation is colorless, the process of coloring liquor would seem to be a part of the original manufacture as distinguished from rectifying. The evidence is insufficient to justify the verdict of guilty upon the first count.

The appellant complains of a number of instructions given by the judge to the jury. No exception was reserved to the instructions assigned as error.

■ Defendant excepts to the refusal to give instructions Nos. 5, 6, 7 and 8. The failure to give these instructions is not assigned as error, and for that reason cannot be considered on appeal. An examination of the charge as a whole, however, indicates that the points presented by the instructions refused were fairly covered by those given.

The judgment will be affirmed as to counts 2 and 3 and reversed as to count 1.