## STEVENSON v. UNITED STATES.

### No. 4506.

United States Court of Appeals, Tenth Circuit.

Nov. 19, 1952.

O. C. Lassiter, Tulsa, Okl., for appellant.

Hobart Brown, Asst. U. S. Atty., Tulsa, Okl. (Whit Y. Mauzy, U. S. Atty., Tulsa, Okl., on the brief), for the United States.

Before BRATTON, MURRAH, and PICKETT, Circuit Judges.

PER CURIAM.

The appellant was convicted on an information charging him with transporting intoxicating liquors from Joplin, Missouri, into the State of Oklahoma in violation of 18 U.S.C.A. § 1262. This statute makes it unlawful for any person to import or transport intoxicating liquors into any state in which the sale of such liquors is prohibited. Liquors for scientific, sacramental, medicinal, and mechanical purposes are excepted. Liquor may also be lawfully imported into a state if accompanied by a permit or license therefor issued under the laws of such state.

It is contended here that the evidence was insufficient to establish (1) that the liquor was transported from Missouri into Oklahoma, and (2) that the appellant did not have a license or permit to bring the liquor into the State of Oklahoma.

The appellant, with a brother, was apprehended by an Oklahoma state officer, traveling in an automobile coming from the direction of Joplin, Missouri. The automobile bore a Missouri license plate and an

Oklahoma license plate was inside. It contained 33 cases of whiskey bearing Missouri revenue stamps. At the time of the apprehension, appellant told the state officers that he had 33 cases of whiskey and exclaimed, "My God, Floyd, you are not going to take this; this will ruin us." He also stated that the state officer could not have had a tip that he was coming through with the load as "no one knows which way we come when we leave Joplin—We don't even know ourself." This evidence is sufficient to sustain the finding of the court that the liquor was being transported from Missouri into Oklahoma.

■ The circumstances are sufficient to make a prima facie case and the burden was upon the appellant to prove that the transportation was lawful. 37 Okl.Stat. 1951, § 50.3; Thompson v. United States, 5 Cir., 44 F.2d 165; Rhodes v. United States, 9 Cir., 39 F.2d 1; Giacolone v. United States, 9 Cir., 13 F.2d 108; Altshuler v. United States, 3 Cir., 3 F.2d 791; Feinberg v. United States, 8 Cir., 2 F.2d 955; Goldberg v. United States, 5 Cir., 297 F. 98; McCurry v. United States, 9 Cir., 281 F. 532.

Judgment affirmed.