Russell G. COFER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15913.

United States Court of Appeals
Eighth Circuit.

June 18, 1958.

Rehearing Denied July 17, 1958.

Sam W. Moore, Oklahoma City, Okl., (Jack L. Spivey, Oklahoma City, Okl., was with him on the brief), for appellant.

Joseph L. Flynn, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., was with him on the brief), for appellee.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

Russell G. Cofer has appealed from a judgment and sentence based upon the verdict of a jury finding him guilty under the first count of an information which charged him with having, on September 24, 1955, in Newton County, Missouri, attempted to transport intoxicating liquor into the State of Oklahoma, in violation of 18 U.S.C. § 1262.

The information was filed January 25, 1957. Cofer entered a plea of not guilty

on November 5, 1957. The case was tried on November 12 and 13, 1957. The verdict of the jury was returned on November 13, and Cofer was sentenced to imprisonment for one year and to a fine of $500. Notice of appeal was filed on November 23, 1957, and the case was argued and submitted to this Court on May 7, 1958.

■■ The question of the sufficiency of the evidence to support the jury's verdict is not properly before us for review, since no motion was made by Cofer for a directed verdict of acquittal at the close of the entire evidence. However, our examination of the record shows that there was ample evidence to justify the jury in believing and finding that, at the time and place named in the information, Cofer took on a load of intoxicating liquor in his Ford automobile, equipped with a Cadillac motor, and that he intended, and was attempting, to transport the liquor into Oklahoma, and would have done so had he not been chased and intercepted, while still in Missouri, by investigators of the United States Alcohol and Tobacco Tax Unit. See and compare, Gregg v. United States, 8 Cir., 113 F.2d 687, 690–691; Daniel v. United States, 8 Cir., 127 F.2d 1, 2–3.

■ Cofer asserts that the District Court erred prejudicially when it permitted counsel for the Government to read to the jury a motion filed by Cofer on November 7, 1957, to suppress as evidence the intoxicating liquor he was transporting on September 24, 1955, when he was arrested. In his motion he refers to the liquor as "116 gallons of tax-paid liquor and wine," and says "that said property was taken from him against his will and illegally." He does not state in his motion that the liquor seized was his, or that he was attempting to transport it into Oklahoma. The docket entries show: "11/11/57 Motion to suppress evidence is withdrawn, by leave of Court." The motion was apparently not withdrawn in the sense that it was expunged or removed from the files of the District Court. Whether the admissions contained in the motion would have been inadmissible had they done anything more than corroborate the undisputed testimony of the officers who seized Cofer's car, the liquor, and Cofer himself, it is not necessary to decide. The introduction in evidence, by the Government, of the motion to suppress, as an admission against interest, was, in our opinion, nonprejudicial surplusage.

Cofer asserts that Oklahoma does not qualify for coverage under 18 U.S.C. § 1262 as a state "in which all sales, except for scientific, sacramental, medicinal, or mechanical purposes, of intoxicating liquor * * * are prohibited"; and that therefore an attempt to transport liquor into Oklahoma is not a federal offense. This contention is based upon Sections 101 to 108 of Title 37 of the Statutes of Oklahoma of 1951, relating to the disposition of intoxicating liquor seized within the state which is capable of being sold in lawful commercial channels outside of the state. In effect, what Cofer contends is that, since the state permits sales within the state, by a sheriff, of forfeited intoxicating liquor saleable in legitimate channels, to persons outside the state, Oklahoma cannot be said to be a state in which "all sales" are prohibited.

It is doubtful that the question is properly reviewable by this Court. The printed record on appeal does not show that the question was ever specifically presented to or ruled upon by the trial court. True, there was a motion to dismiss the information on the general ground that it did not state a federal offense, but no specific reason was stated in the motion. At the close of the Government's evidence, Cofer moved for a judgment of acquittal on the ground that no federal offense had been proved, but without stating why, so far as the record shows. The trial court instructed the jury, in effect, that Oklahoma was a state in which the sale of intoxicating liquor was prohibited, and that, if the jury found that Cofer intended to transport the liquor he had in his car into that

state, he was guilty of the charge contained in the first count of the information.

 No objections were made and no exceptions taken to the charge of the court in this regard, and nowhere in the record have we been able to find that what we are now asked to decide was specifically called to the attention of, or ruled upon by, the trial court. The function of this Court is to review only rulings made by a trial court on questions brought to its attention and passed upon by it. Ayers v. United States, 8 Cir., 58 F.2d 607, 608. The statement in Cofer's brief, under "Statement of Points * * *," that his conviction is not supported by the law or the evidence, brings up for review no ruling of the trial court and utterly fails to show that, at any stage of the proceedings, the trial court committed error. Ayers v. United States, supra, at page 608 of 58 F.2d. There is no basis in the record presented to us to justify a conclusion that the trial court made any erroneous ruling.

If it were obvious that, under the law, Cofer's attempt to transport intoxicating liquor into Oklahoma was not a federal offense because importation of liquor into that state had ceased to be a violation of Section 1262 of Title 18 U.S.C., this Court, regardless of all procedural deficiencies in the brief and record, could, and no doubt should, in the interests of justice, set aside his conviction. Ayers v. United States, supra, at page 609 of 58 F.2d. If Oklahoma has forfeited its right to the protection of Section 1262 of Title 18 U.S.C. by permitting sales by state officers of forfeited liquor in legitimate channels in other states, it is evident that the United States Court of Appeals for the Tenth Circuit has not yet discovered that fact. See Ritter v. United States, 10 Cir., 1956, 230 F.2d 324, and Stevenson v. United States, 10 Cir., 1952, 200 F.2d 109. We are advised that the United States District Court for the Northern District of Oklahoma has recently ruled (United States v. Jay L. Jones, et al., Criminal

No. 12,999, April 29, 1958) that the sale of contraband liquors by county officials as authorized by Oklahoma Statutes (Title 37, O.S.A., Sections 101–108) is not a sale within the contemplation of the Federal Statute (Title 18 U.S.C., Section 1262), which provides for federal aid in enforcement of liquor laws in the states which prohibit sale of intoxicating liquor. This, it seems to us, is a permissible and sensible construction of the applicable statute, and does no violence to any rule of statutory interpretation. "* * * even penal provisions must be 'given their fair meaning in accord with the evident intent of Congress.'" Rainwater v. United States, 78 S.Ct. 946, 949.

The judgment appealed from is affirmed.