## HARRY RICHARD FITEZ *v.* STATE OF MARYLAND

[No. 213, September Term, 1969.]

*Decided March 12, 1970.*

138

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jerome F. Connell* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Julian B. Stevens, State's Attorney for Anne Arundel County,* and *Raymond G. Thieme, Jr., Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Harry Richard Fitez, the appellant, was convicted of violating the lottery and gambling laws in a court trial before Judge E. Mackall Childs in the Circuit Court for Anne Arundel County. He was sentenced to one year and fined $1,000. On appeal Fitez contends that as a result of a violation of Maryland Rule 707 all evidence taken under the improperly executed search warrant should be excluded.

The evidence showed that on February 2, 1968, Corporal Frank Mazzone, of the Maryland State Police Intelligence Unit, executed a search warrant on certain premises in Anne Arundel County. After entering the premises, Corporal Mazzone informed the appellant of the search and seizure warrant, read the warrant to the appellant, and gave him his *Miranda* warnings.

The search of the premises yielded the following items: a paper with 65 code names and numbers, corresponding to another slip containing horse and lottery slips; two yellow sheets with 346 wagers on horses running on that day representing $1,044. in bets; three unconventional lottery slips containing 271 wagers representing bets of $197.75; one tally sheet, a National Armstrong Daily newspaper; a telephone; and an envelope with race track tickets in it.

Before leaving the premises, Corporal Mazzone made a handwritten inventory of the articles seized in the presence of the appellant and gave him a copy of the inventory signed by both Mazzone and appellant. The handwritten inventory said simply, "several sheets of paper on which appear various lottery wagers and horse wagers." In court, a typed inventory listed the items in greater detail, specifically the number of wagers and the total amount of money involved. Mazzone testified that it took several hours to compile this information; however, the betting sheets described were the same ones as seized. Mazzone testified there was no opportunity to make the tallies at the time of the seizure. Ultimately, both the general and the specific inventories were entered in evidence. By timely motion and objection, appellant preserved the contention that the typed inventory was objectionable alleging the detailed inventory differed materially from the handwritten inventory given appellant at the time of the seizure.

Maryland Rule 707 (effective September 1, 1967) has not been previously interpreted by any Maryland decision. In its relevant parts, Rule 707 a and b say:

"Search Warrants

"a. *Inventory*

"An officer taking property under a search warrant shall make a written inventory of the property taken. The inventory shall be signed by the officer executing the search warrant and shall be made in the presence of the person from whom the property was taken if such person is present at the time the search warrant is executed; if such person is not present, the inventory shall be made in the presence of the person apparently in charge of the premises from which the property was taken, if such a person is present.

"b. *Service of Copy.*

"An officer taking property under a search warrant shall leave a copy of the inventory and a copy of the warrant with the person from whom the property was taken, if such person is present at the time the search warrant is executed. If such person is not present, the officer shall leave a copy of the inventory and a copy of the search warrant with the person apparently in charge of the premises from which the property was taken. If neither of such persons are present at the time the search warrant is executed, the officer shall leave a copy of the inventory and a copy of the search warrant in a conspicuous place at the premises from which the property was taken."

Maryland Rule 707 is similar to Rule 41 (d) of The Federal Rules of Criminal Procedure, which has been previously interpreted by federal courts. In its relevant parts, Rule 41 (d) says:

"Rule 41

"Search and Seizure

"(d) Execution and Return with Inventory . . . The officer taking property under the war-

rant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and receipt at the place from which the property was taken . . . . The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken, and shall be verified by the officer."

Due to the similarity in wording and effect of Maryland Rule 707 and Federal Rule 41 (d), federal cases give useful guidance in interpreting the Maryland Rule. The federal cases almost uniformly hold that if the search warrant is valid and the entry lawful, the search is not rendered unlawful by failures in leaving a copy of a warrant or a receipt for the property seized since those duties are ministerial. See *United States v. Klapholz,* 17 F.R.D. 18, aff'd 230 F. 2d 494 (CA 2) *cert. den.* 351 U. S. 924, 76 S. Ct. 781, 100 L. Ed. 1454, *United States v. Haskins,* 345 F. 2d 111 (CA 6, 1965), *Evans v. United States,* 242 F. 2d 534 (CA 6, 1957), *Giacolone v. United States,* 13 F. 2d 108 (CA 9). The principle seems to be approved in *McGuire v. United States,* 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556.

The appellant, however, relies on *United States v. Gross,* 137 F. Supp. 244 (D. C. N. Y., 1956), but that case does not go as far as claimed. It specifically stated the weight of authority supports the federal rule, and simply held that the government would be required to file a copy of the inventory and furnish a receipt within ten days after the hearing on a motion to suppress.

Beyond the guidance provided by federal cases, we think the purposes and policy of Maryland Rule 707 a

and b are properly served by viewing its administration as ministerial. Among the purposes are: (1) to allow the defense to prepare properly by preventing surprise; (2) to identify the property admitted as in fact the same property as that which was seized; and (3) to protect the property owner's rights if his property should be returned to him.

In the case at bar, appellant does not claim any of the above purposes of the rule were violated or that there was actual prejudice to his case. He claims only that a technical violation of the rule should result in the inadmissibility of the evidence.

We note that appellant was present at the time of the execution of the search warrant and the writing of the inventory. Presumably, he was aware, from his personal observations, of what was taken. The general list as given to him at that time was considered adequate. Also, appellant had full opportunity to cross-examine the officer who executed the search warrant about variations in the two inventories and explanations for those differences, and in fact did avail himself of extended cross-examination. The police officer stated the lists consisted of hundreds of entries of lottery and horse wagers, and that tallying these entries took several hours. In view of this situation, it is understandable that the officers gave the appellant a handwritten inventory in general terms, waiting until later to tally specifically the items seized.

We do not hold as a matter of law that every violation of the ministerial directives of Rule 707 a and b will always be harmless. It is possible situations will arise where there is actual and real prejudice to the defendant. In such a case, assuming proper and timely allegation and proof of the prejudice, or the possibility thereof, there could be appropriate relief which need not necessarily involve the suppression of the evidence seized.

*Judgment affirmed.*
*Appellant to pay the costs.*