## UNITED STATES v. FORTY–SIX BOTTLES ALLEGED HOME BREW BEER, etc. (DE BROOK CO., Inc., Claimant.)

### No. 2364.

District Court, E. D. New York.

Feb. 17, 1930.

Harold L. Turk, of Brooklyn, N. Y., for claimant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (J. Bertram Wegman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

MOSCOWITZ, District Judge.

The libelant seeks to forfeit certain property claimed to be owned by De Brook Company, Inc., the claimant herein. The question of fact as presented at the trial was, Did the claimant, at its premises No. 1105 Metropolitan avenue, Brooklyn, N. Y., have a still set up within the meaning of

section 3258 of the Revised Statutes, 26 USCA § 281.

Claimant contends that, if the question of fact be decided in favor of the libelant, the property cannot be forfeited under section 3258.

It appears that the claimant set up on the premises in question a large kettle which had previously been used at another place of business of the claimant, to which had been connected steam lines and water lines, a pump to pump over into the kettle the preparation to be distilled, the suction lines and hose, a condenser line, a coil, and a cooling tank.

Government Chemist Vlases, who qualified as an expert, testified that he examined the apparatus and that it was a still. In order to operate the still, all that was necessary was to place a four-inch plug on top of a certain hole and screw down the stud nuts. Mr. Vlases testified that, if the hose was connected to the elbow joint and that hose run into the condenser tank, the other opening could be plugged up with a cork; the still could then have been operated without anything further necessary to be done, and that for certain types of distillation it would have been more efficient.

Claimant's witness Blumberg testified that there was a missing plug. This could have been readily supplied and readily remedied. Blumberg testified as to certain leaks. These could not have been discovered unless the steam had been carried through the steam lines.

Section 3258 of the Revised Statutes (26 USCA § 281) is as follows: "Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same with the collector of the district in which it is, by subscribing and filing with him duplicate statements, in writing, setting forth the particular place where such still or distilling apparatus is set up, the kind of still and its cubic contents, the owner thereof, his place of residence, and the purpose for which said still or distilling apparatus has been or is intended to be used; one of which statements shall be retained and preserved by the collector, and the other transmitted by him to the Commissioner of Internal Revenue. Stills and distilling apparatus shall be registered immediately upon their being set up. Every still or distilling apparatus not so registered, together with all personal property in the possession or custody, or under the control of such person, and found in the building, or in any yard or inclosure connected with the building in which the same may be set up, shall be forfeited * * * "

By the Act of March 3, 1927, c. 348, § 4, 44 Stat. 1382, tit. 5 USCA 281c, section 3258 of the Revised Statutes was amended so that the rights, privileges, powers, and duties conferred upon the Commissioner of Internal Revenue relating to the enforcement of the Eighteenth Amendment were transferred to and conferred and imposed upon the Secretary of the Treasury, who was authorized to confer such rights, privileges, powers, and duties upon the Commissioner of Prohibition.

The words "set up" and "in operation" have a difference in meaning. An owner of a still is under duty to register it. It appears that the still had been previously set up at the place of business of the claimant on Third avenue, and that no notice of the removal to Metropolitan avenue was given as required by section 3258 of the Revised Statutes (26 USCA § 281).

This still was set up ready for operation, and no doubt had been operated. It would seem that the language of section 3258 is plain, and directs the forfeiture of an unregistered still. This section was not repealed by the National Prohibition Act. United States v. Dibella (C. C. A.) 28 F.(2d) 805.

Decree for libelant. Settle decree on notice.