UNITED STATES v. CAFERO et al.

No. 91.

Circuit Court of Appeals, Second Circuit.

Jan. 18, 1932.

220

Joseph H. Wackerman, of Brooklyn, N. Y. (John M. MacGregor, of Brooklyn, N. Y., of counsel), for appellants.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and William T. Cowin, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellants have been convicted on the first and second counts charging possession of an unregistered still (title 26, U. S. C., § 281 [26 USCA § 281], section 3258, Rev. St.; title 5, U. S. C., §§ 281 to 281e, inclusive [5 USCA §§ 281-281e], 44 Stat. 1381), and on the fifth count of maintaining a common nuisance (title 27, U. S. C., § 33 [27 USCA § 33]). Sentence was suspended on the fifth count, but fines and prison sentences were imposed on the first and second counts. The owner of the premises was also convicted, but does not appeal.

The appellants were found on November 22, 1930, in the premises, at Hollis, borough of Queens, city of New York, where there had been conducted a paper business until October 31, 1930. It is a brick building, two stories high in front and three in the rear. Two stills were being installed therein. Officers entered the premises, smelling the odor of mash, and there found the six appellants sitting on blocks of wood having their lunch, with their tools scattered around. The stills were not connected with the boiler and they were not in operation. Upstairs the officers found mash, sugar, yeast, salt, and acids. One of the appellants was a night watchman and the rest were mechanics, except appellant Miller. It is not shown what his occupation or business was. The stills were being set up and connected. It was new equipment. It was not shown that any of the appellants had a proprietary interest in the business. When appellant Miller was found, he was dressed in street clothes, while the others wore the wearing apparel of mechanics. The owner of the premises claimed to have leased them.

The statute violated (title 26, U. S. C., § 281 [26 USCA § 281], section 3258 Revised Statutes) provides: "Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same with the collector of the district in which it is."

Treasury Regulation 3068, issued September 4, 1920, defines what constitutes a setup requiring registration. Pursuant to it, a still is set up and subject to registry when it is "in such condition that spirits may be produced therewith. Where the still is in position over a furnace, or is connected with a boiler so that heat may be applied the still will be regarded as set up although the worm or worm tank is not in position." This regulation is reasonably within the statute.

In the instant case, the still was not set up, subject to registry, for it was not connected with the boiler so that heat might be applied, nor was it in position over a furnace. The witnesses testified that the men were employed connecting the still to the vats and to the boiler. But at the time of the arrest they were not connected; that is, the coils and the pipes running from the boiler to the still. There was no fire in the boiler, and from all appearances the equipment was new and had never been used. In this stage of completion, the law requiring registration of the still had not been violated. Patrilo v. United States, 7 F.(2d) 804 (C. C. A. 8); DeGregorio v. United States, 7 F.(2d) 295 (C. C. A. 2).

Judgments reversed.