## UNITED STATES v. WILLIAMSON et al.
### Cr. No. 5710.

United States District Court
E. D. Tennessee, Northeastern Division.
April 3, 1953.

412

J. H. Reddy, U. S. Dist. Atty., Chattanooga, Tenn., and James M. Meek, Asst. U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

J. H. Doughty and Hodges & Doughty, Knoxville, Tenn. for defendants.

ROBERT L. TAYLOR, District Judge.

The defendants have filed a motion for a new trial in which nine grounds are set forth and urged upon the Court for the sustaining of the motion, all of which have been carefully considered but only one of which requires serious attention. This one relates to the Court's charge in substance that a set-up still may exist although every item necessary to its operation is not at the moment present. Defendants urge that a new trial should be granted for the reason that defendants were not in possession of a still, or distilling apparatus, set up, within the meaning of 26 U.S.C. § 2810.

On the day defendants were apprehended they were seen by the arresting officers in the act of putting bran and sugar in the still pot, or boiler. The worm and cap of the still were not then in position or within sight of the officers. A run was being prepared, but before distilling could have commenced it would have been necessary to put the cap on the boiler and attach thereto the pipe that conveys the vapors to the worm, or condenser.

■ Because of the persistence of this type of law violation, certain practices of the moonshiner have become common knowledge. One of those practices, where a still is left unguarded at night, is to take the worm and the cap of the still to a hiding place in order to prevent them from being stolen. There is no doubt but that the still in this case was a going concern. On April 22, 1952, federal officers observed this same still in full operation with all the distilling apparatus necessary thereto in place. Only the operators were absent. For the reason that the moonshiner could not then be caught in the act of law violation the officers returned the following day, at which time they observed the defendants in the act of preparing for a run.

Title 26 U.S.C. § 2810 commences as follows: "Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same * * *. Stills and distilling apparatus shall be registered immediately upon their being set up." If this language contemplated only a still that was fully assembled for operation and at such times as it was so assembled, the operation of the statute would be intermittent.

■ A more practical construction, and that which the Court believes to be the right one, is that a still comes within the purview of the act the moment it is once assembled and put in readiness for commencement of the distilling of spirits, and that it does not lose its status thereafter as a set-up still merely because it is dismantled in part in preparation of another run. Here, the still is shown to have been a going concern the day before defendants were apprehended preparing a run. Because of the nature of the apparatus, partial dismantling is necessary while a new run is being prepared. Where the dismantled parts may be during the preparatory interval does not seem material. That defendants were putting ingredients for distillation in the boiler is a circumstance from which the conclusion that the missing parts were available when wanted, is inescapable. This still had come within the purview of section 2810. It retained that status and such was its status when defendants were found in possession of it.

Reported decisions on the particular point are few. The few that have been found are in accord with the view heretofore expressed. See in particular, Otto v. United States, 7 Cir., 29 F.2d 504, 505; United States v. Forty-six Bottles, etc., D.C.E.D.

N.Y., 39 F.2d 240. A case which was held not to have come within the purview of sec. 2810 is United States v. Cafero, 2 Cir., 55 F.2d 219. In that case the apparatus was new and had never been completely assembled at the situs where it was found.

An order will be prepared, overruling the motion for a new trial.