## UNITED STATES v. MOSES.
### No. 264, Docket 22697.

United States Court of Appeals
Second Circuit.

Argued May 5, 1953.

Decided June 18, 1953.

James LiBrize, Niagara Falls, N. Y., for defendant-appellant.

George L. Grobe, U. S. Atty., Buffalo, N. Y., R. Norman Kirchgraber, First Asst. U. S. Atty., Buffalo, N. Y., of counsel, for plaintiff-appellee.

Before SWAN, Chief Judge, and L. HAND and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The defendant was tried and convicted—together with Valentino Viglietta—on two counts of an indictment. One count charged that the defendants had in their possession an unregistered still in violation of 26 U.S.C. § 2810, and the second charged that they had concealed goods and commodities on which a tax was due with intent to defraud the United States of the tax in violation of 26 U.S.C. § 3321. Section 2810 provides: "Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same * * *. Stills and distilling apparatus shall be registered immediately upon their being set up." Since no contention is made by the government that a tax would be payable until the still was set up, the validity of the conviction on each count depends on whether the still was set up. 26 C.F.R. 181.15(b).

 The government concedes that at the time the police officers arrived on the scene the still was not set up. The contention is made, however, that there was evidence that the still had been set up a few days prior to its discovery and that therefore the defendant could be found guilty despite the subsequent dismantling of the apparatus for repairs, since the still was not "registered immediately upon * * being set up." 26 U.S.C. § 2810. An officer of the Alcohol Tax Unit testified without objection by the defendant, cf. United States v. Hall, 2 Cir., 178 F.2d 853, that Viglietta had stated that the still had been set up, but that it was found to leak and the dephlegmator could not be attached. A still to be "set up" does not have to be "in operation," see United States v. Forty-Six Bottles of Alleged Home Brew, D.C., E.D.N.Y., 39 F.2d 240, 241, but we think that the still must be "capable of being used" before registration is required, see Otto v. United States, 7 Cir., 29 F.2d 504, 505. Here more than minor adjustments were required before the still could be operated, as shown by the fact that it was dissembled to make necessary repairs. Therefore, since the still was not "set up" within the meaning of § 2810 there was no proof that the defendant was guilty of the two crimes with which he was charged and accordingly the judgment of conviction is reversed. Cf. United States v. Cafero, 2 Cir., 55 F.2d 219.

Judgment reversed.

L. HAND, Circuit Judge (dissenting).

Rule 31(c) of the Criminal Rules, 18 U.S.C.A. provides that a "defendant may be found guilty * * * of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." This is substantially the same as § 565, of Title 18, U.S.Code, which it superseded; and I shall assume that the meaning of the statute was unchanged. In United States v. Coplon, 2 Cir., 185 F.2d 629, 633, we considered how nearly the accused must go towards completing the crime, to be guilty of an attempt; and we adopted the statement of Holmes, J., in Commonwealth v. Peaslee, 177 Mass. 267, 277, 59 N.E. 55, 56: "If the preparation comes very near to the accomplishment of the act, the intent to complete it renders the crime so probable that the act will be a misdemeanor, although there is still *a locus poenitentiae,* in the need of a further exertion of the will to complete the crime." In the case at bar the still had been once "set up," but was found to be leaky, and the "column" was too high to permit the erection of the "dephlegmator." One of the accused's confederates was arrested while he was looking for advice from one, "Patsy," as to how to deal with this difficulty. It seems to me that the setting up of the still was certainly "very near to accomplishment," and there can be no doubt about the intent. It is true that this was a statutory crime and that the statute did not make it a crime to attempt to commit it. There are decisions holding that in such cases an attempt is not a crime; but none that I know of is authoritative on us, and it seems to me that there should be no exception in such cases, even though the crime be not *malum in se.* I think the judgment should be affirmed.