## WILLIAMSON v. UNITED STATES.
### No. 11926.

United States Court of Appeals
Sixth Circuit.
Dec. 18, 1953.

Hodges & Doughty, Knoxville, Tenn., for appellant.

John C. Crawford, Jr., U. S. Atty., James M. Meek, Asst. U. S. Atty., Knoxville, Tenn., for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

In this case, appellant was convicted and sentenced to fines and imprisonment for violation of the Internal Revenue laws of the United States [see especially section 2810, Title 26 U.S.C.]. The principal argument of appellant is based on the alleged error of the United States District Court in denying his motion for acquittal and in allegedly erroneously instructing the jury. It is contended that appellant was not in possession of a still or distilling apparatus "set-up" within the meaning of the statute, in that the still was not in operation at the time appellant was arrested.

But, as stated by the district judge in his succinct memorandum opinion, on the day the appellant was apprehended he was seen, by the arresting officers, with another person in the act of putting bran and sugar in the still pot, or boiler, although the worm and cap of the still were not then in position or within sight of the officers. A "run" was being prepared, however, and, as pointed out by the district judge, partial dismantlement of the still is necessary while a new run is being prepared. The trial judge described the practice of moonshiners of taking the worm and cap of the still to a hiding place in order to protect them when the still is left unguarded at night.

The raiding federal officers had observed the still in full operation, with all necessary distilling apparatus in place, on the day before the raid; but the operators, including appellant, were then absent. Wherefore, the still was not then raided because its operators could not be caught in the act of law violation. The officers returned the following day, at which time they observed appellant and others in the act of preparing for a run. As reasoned by the district judge, the fact that appellant and the other violators were putting ingredients for distillation into the boiler was a circumstance from which the conclusion was inescapable that the missing parts of the still were available when wanted.

United States v. Cafero, 2 Cir., 55 F.2d 219, upon which appellant relies, was correctly distinguished by the district judge for the reason that, in that case, the apparatus was new and had never been completely assembled at the situs where it was found. We agree with the district judge that the evidence established that appellant violated section 2810, Title 26, of the United States Code.

The judgment of the District Court is therefore, affirmed.