### UNITED STATES v. GRIESEL et al.
### Cr. No. 1025.

United States District Court
D. Minnesota, First Division.

July 9, 1954.

C. Stanley McMahon, of George, Brehmer and McMahon, Winona, Minn., Linus J. Hammond, of Cummins, Cummins, Hammond & Ames, St. Paul, Minn., for defendants.

George E. MacKinnon, U. S. Atty., St. Paul, Minn., Alex Dim, Asst. U. S. Atty., for plaintiff.

DONOVAN, District Judge.

This matter is before the Court on motion of both defendants for judgment of acquittal.

The motion here under consideration stems from verdicts of guilty returned against both of the defendants under Count 111 of the indictment in the above entitled case.[1]

A summary of the facts may be helpful. Defendant Sikorski was licensed to engage in the business of a retail liquor dealer at Winona, Minnesota, and pursuant thereto operated under the trade name of "Winona Liquor Store." She had no basic permit for purchase or resale of liquor as a wholesale dealer. Defendant Griesel was a tenant of Sikorski, renting desk space in the back of said store, and on occasions, in the absence of the proprietor, he would perform gratuitous service for his codefendant.[2]

At the behest of a private club, one Ristey called at the Winona Liquor Store in June, 1953. Sikorski was alone therein. Ristey thereupon made his only purchase from Sikorski, totaling 6.4 wine gallons of distilled spirits.[3]

The government contends that evidence offered in support of two counts in

---

1. The count against which the motion is directed reads as follows:
    "Count III
    (18 U.S.C., Sec. 2)
    (26 U.S.C., Sec. 3253)
    On or about the period October 8, 1952 to June, 1953, in the City of Winona, County of Winona, State and District of Minnesota.
            Edward F. Griesel and
            Florence Sikorski,
    did then and there wilfully and unlawfully carry on the business of a wholesale liquor dealer, and wilfully failed to pay the special tax as required by law for a wholesale liquor dealer; contrary to and in violation of the provisions of 26 U.S.C., Sec. 3253."

2. Griesel denies he had any interest in the Winona Liquor Store as an agent, employee, officer, partner or otherwise.

3. The pertinent part of 26 U.S.C.A. § 3253, provides:
    "Any person who shall carry on the business of a * * * wholesale liquor dealer * * * and willfully fails to pay the special tax as required by law, shall, for every such offense, be fined not less than $100 nor more than $5,000 and

which verdicts of "not guilty" were returned may be considered as supporting the finding of "guilty" in the remaining count.

Defendants contend that the government has failed to prove them guilty beyond a reasonable doubt and that the purchase by Ristey can under no circumstances involve defendant Griesel.

The verdicts returned which are here attacked by movants must be based on evidence proving beyond a reasonable doubt that defendants were engaged in the business of a wholesale liquor dealer without paying the essential special government tax.

■ It is my opinion that the evidence adduced supports proof only of an isolated sale unconnected with circumstances tending to prove that defendants were at the time in question engaged in the business of selling liquor as a wholesale dealer. In arriving at this conclusion, I am mindful that consideration of the sufficiency of the evidence to sustain the verdict must be viewed in a manner most favorable to the government and that the trial court must refrain from concerning itself with the credibility of the witnesses and the weight of the evidence.[4]

■ The instant case is one, however, where after resolving all doubts against defendants, one still finds the government's burden of proof bottomed on the insecure foundation of an isolated sale in support of Count III. The applicable penal statutes must be strictly construed in favor of defendants against whom they are invoked. The words of the statute "to engage in the business", 27 U.S.C.A. § 203(c), imply continuity of habitual practice. "Carrying on business" means continuity thereof as opposed to an isolated sale or transaction.[5] Inferences as to intent may be gathered from subsequent acts and conduct [6], but here each count must be treated as a separate and distinct offense. There is no evidence tending to support the government's claim that Ristey purchased from anyone other than Sikorski. There is no evidence of a substantial nature supporting the government's claim that Griesel was owner of an interest in the store, or a partner of Sikorski's. The jury could find intent only from the evidence in the case that was relevant and material. The instant case is readily distinguishable from the type of case illustrated in the Jensen decision, supra, wherein the government's burden was clearly carried. Study of the evidence, together with the controlling statutes and regulations, leads to the conclusion that the facts of the instant case are insufficient to sustain a conviction of the offense charged in Count III. The motion of each defendant for a judgment of acquittal must, therefore, be granted.

It is so ordered.

Plaintiff is allowed an exception.

be imprisoned for not less than thirty days nor more than two years."

Subsection (b) of § 3254, 26 U.S.C.A., provides:

"(b) Wholesale dealer in liquors. Except as otherwise provided, every person who sells, or offers for sale, foreign or domestic distilled spirits, wines, or malt liquors in quantities of five wine-gallons or more to the same person at the same time, shall be regarded as a wholesale dealer in liquors: * * *."

4. Jensen v. United States, 8 Cir., 213 F.2d 781.

5. Johnson v. United States, 5 Cir., 84 F. 2d 114; Taran v. United States, 8 Cir., 88 F.2d 54, 58; Supreme Malt Products Co., Inc., v. United States, 1 Cir., 153 F. 2d 5.

6. Grayson v. United States, 8 Cir., 107 F.2d 367, 370.