Willis Junior **LIVERMAN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7709.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1958.

Decided Oct. 20, 1958.

Ann E. Calevas and O. Eugene Pinion, Norfolk, Va., for appellant.

W. F. Powers, Jr., Asst. U. S. Atty., Norfolk, Va. (L. S. Parsons, Jr., U. S.

Atty., Norfolk, Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.

SOBELOFF, Chief Judge.

This appeal is directed chiefly to the sufficiency of the evidence to support the appellant's conviction under the first count of an indictment, for violating Section 5174 of Title 26 U.S.C. (Internal Revenue Code of 1954) by having in his custody and under his control a certain "distilling apparatus set up" which had not been registered. For this offense he was sentenced to imprisonment for two years, a penalty of $500.00 and fine of $1.00, as authorized by Section 5601 of Title 26 U.S.C.

It was shown at the trial that late on an evening in March 1958, in response to information that an illegal distilling operation was being carried on, County Police proceeded to a certain address in a residential area of Camellia Shores, Virginia. As they approached the house, two men fled from the adjacent garage. The officers pursued the appellant, who dived into a nearby lake. His clothing was saturated with mash even after his immersion.

Agents of the Alcohol Tax Division of the Internal Revenue Service, who were then called, found in the garage a large steel still; an accumulation of mash on the floor; sixty feet of rubber hose; and twelve large barrels, in one of which was spent mash, and in another 160 gallons of live mash ready for distillation. There were a water well and fire bricks which evidently had been used. A gasoline-driven pump was pumping mash from a barrel into an open field. The still was not then in operation, and the officers discovered no boiler, condenser or coils. No whiskey was on the premises. Dried mash had been tracked through the house, and cakes of yeast were found in the refrigerator.

That a still had been operated was clear enough, but it was equally plain that essential parts of the apparatus had been removed before the officers' arrival, and that at the time of seizure the still was not ready to operate. Agents stated that with the distilling apparatus in the garage and various raw materials found on the premises, whiskey could be produced within two hours. However, this was explained to mean that to do so, it would have been necessary to connect the still to the domestic hot water heater, and to use the rubber hose as connecting pipe, and as a substitute for copper coils of a condenser.

Section 5174 provides that "[e]very person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register such still or apparatus with the Secretary or his delegate immediately, upon its being set up * * *".

█ Appellant contends that he is not guilty of violating Section 5174 because the still was not "set up." He argues that for there to be a violation the still must be completely set up and capable of being operated; and that if a single part, however minor, is missing or disconnected, then no crime is committed. The Government, on the other hand, argues that it is enough to constitute a violation if the still is readily capable of being set up in an operating state.

We would have to reject the appellant's extreme contention, for there is authority in direct conflict with such a proposition. Williamson v. United States, 6 Cir., 1953, 208 F.2d 692, 693; Colasurdo v. United States, 9 Cir., 1927, 22 F.2d 934. The rule is as contended by the Government. However, applying that rule to the facts of this case, it appears that the appellant's motion for judgment of acquittal should have been granted. This was not a situation where only small parts or minor adjustments were needed in order to operate the still. This still, not connected in any way with a boiler, condenser or coils, would have required considerable work before it could be operated. It was not readily capable of being set up in an operating state.

█ We do not overlook the witness' statement that the house heater and the

rubber hose could have been pressed into service. While such a make-shift improvisation might be theoretically possible, it stretches the facts beyond permissible limits to suppose that such a "set-up" was at all practicable or was ever contemplated. In our opinion the statute does not make it a crime for a still in a condition of partial dismantlement not to be registered with the Commissioner of Internal Revenue. United States v. Moses, 2 Cir., 1953, 205 F.2d 358; United States v. Cafero, 2 Cir., 1932, 55 F.2d 219.

■ There is nothing in the record to connect the appellant with the premises or the activities therein, other than his presence on the evening in question. Therefore, a showing that the still had been set up on some earlier occasion is not sufficient to establish the appellant's guilt. To hold him responsible for failing to register the still, a violation must be shown during his possession. The District Judge erred, we think, when he submitted to the jury the question of the existence of a still "set-up" at the time of the arrest, instead of directing a verdict of acquittal on the first count.

The appellant was also convicted on the second count for unlawfully and feloniously carrying on the business of a distiller without having given bond. It follows from the above discussion that if there was no sufficient evidence of a still "set-up" during the appellant's presence on the premises, he was entitled to an instructed verdict of acquittal on the second count also, for one cannot engage in the business of distilling without a still.

■ The third count, for unlawfully and feloniously making and causing to be fermented a certain quantity of mash, is readily sustainable, for the mash was fermenting during the period of proved possession by the appellant. His presence and flight and the other circumstances in this case were sufficient to raise a jury question as to his connection with that violation. Barton v. United States, 4 Cir., 1920, 267 F. 174; United States v. Mann, 7 Cir., 1939, 108 F.2d

354; Cf. Vick v. United States, 5 Cir., 1954, 216 F.2d 228. On this count the sentence was imprisonment for six months. Prejudice is claimed, however, from the Court's overruling the motion for judgment of acquittal on the first count and the submission of the three counts together. We think that the appellant was not prejudiced by this.

The judgment will, therefore, be reversed as to the first and second counts and affirmed as to count three.

Affirmed in part and reversed in part.