UNITED STATES of America, Appellee,

v.

Beverly Call SHEW, John William Shew, Appellants.

No. 9067.

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1963.

Decided Nov. 18, 1963.

John E. Hall (McElwee & Hall, N. Wilkesboro, N. C., on brief), for appellants.

William H. Murdock, U. S. Atty. (R. Bruce White, Jr., Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH and BELL, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM.

Reversal of their convictions of offenses relating to whisky is sought by these defendants on the basis of a contention that their motion to suppress evidence of the existence of the still and of the illegal whisky was wrongfully denied. We find the contention to be without merit.

Agents concealed themselves in woodlands some 200 yards from a barn. It was in the early part of the nighttime and the agents could see that lights were on in the barn. They testified they could hear the thumping sounds of a still's boiler in the barn and could smell the odor of illegal whisky coming from it. Some dogs got scent of the agents, too, and John William Shew, heeding the barking of the dogs, came out of the barn and walked some 200 yards to the edge of the woods where the agents and the dogs were. After his flashlight revealed to him the presence of the agents, they identified themselves and arrested him. His clothing was covered with mash.

One of the agents then proceeded toward the barn. Though John William Shew had been instructed to remain silent, he began shouting warnings to his confederates. When the agent got close to the barn, he saw Mrs. Shew standing by a truck which was backed up to the main entrance of the barn. The truck was loaded with illegal whisky. Remarks were being exchanged by Mrs. Shew with an unidentified person in the barn. Mrs. Shew was placed under arrest and the agent entered the barn. As he did so, however, the unidentified third person escaped through a window and was not apprehended. The agent saw within the barn a large distillery.

This case is governed by our recent decision in United States v. Young, 4 Cir., 322 F.2d 443. What we said there need not be elaborated here. The circumstances, particularly the need to apprehend the fleeing third participant, warranted the agent's entry into the barn. Clearly there was probable cause for the arrest of all three participants. There was no ransacking of the barn, of course, for the large distillery it contained was immediately and obviously apparent as soon as the agent entered the barn. The search, however, was plainly a reasonable one in connection with the arrest of Mrs. Shew and the attempt to arrest the third participant in the criminal activity.

Affirmed.