**Robert Leon GUY and Dallas Washington Parker, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 9424.**

United States Court of Appeals Fourth Circuit.

Argued June 18, 1964.

Decided Sept. 18, 1964.

**596**

Joseph H. Levinson, Smithfield, N. C. (Knox Jenkins, Jr., Smithfield, N. C., and Irvin B. Tucker, Jr., Raleigh, N. C., on brief), for appellants.

Gerald L. Bass, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and MICHIE, District Judge.

### PER CURIAM.

In this case Federal officers found a still that had hot spent mash in it, with steam arising from the mash. The still had been to some extent disassembled, whether more so than is necessary between each "run" not being clear from the evidence. But it is clear that all parts necessary to put the still in operation were found at the location, as well as some empty sugar bags and other articles that one might expect to find in the vicinity of a still.

A few hours after the discovery of the still the officers saw the defendants carrying a 60 lb. bale of sugar to the site. There were other suspicious circumstances to which it is unnecessary to advert in this opinion but which doubtless contributed to the defendants ultimate conviction by the jury.

The defendants were charged with having a still set up in violation of law (Count 1), working at an unregistered distillery (Count 2) and possession of materials intended for illegal use in connection with such still (Count 3). At the conclusion of the evidence the defendants asked for a peremptory instruction in their favor on Counts 1 and 2 and the court refused to do so and on the contrary charged the jury that the existence of an unlawful still setup had been proved and that the only question for them to consider under Count 1 was whether the defendants had possession, custody or control of such still and that the only question for them under Count 2 was whether the defendants worked at such distillery.

The defendants objected on the ground that the existence of an unlawful still setup had not been proved and that therefore the court should either have dismissed the counts in regard to the still on the theory that the apparatus as found did not in fact constitute a still or should at least have submitted to the jury the question of whether the apparatus did constitute a still.

As to whether or not the apparatus found constituted a still the appellants rely heavily on Liverman v. United States, 260 F.2d 284 (4th Cir. 1958). In that case the still was found in a garage, but the boiler, condenser and coils were not found. This court said at p. 285:

> "The rule is as contended by the Government. However, applying that rule to the facts of this case, it appears that the appellant's motion for judgment of acquittal should have been granted. This was not a situation where only small parts or minor adjustments were needed in order to operate the still. This still, not connected in any way with a boiler, condenser or coils, would have required considerable work before it could be operated. It was not readily capable of being set up in an operating state."

In the case at bar the evidence was that all of the essential parts were present at the site and that the still could have been run simply by connecting the parts which had been disconnected and putting grain, sugar and water in it. As

said in United States v. Williamson, 111 F.Supp. 411 (E.D.Tenn.1953):

"A more practical construction, and that which the Court believes to be the right one, is that a still comes within the purview of the act the moment it is once assembled and put in readiness for commencement of the distilling of spirits, and that *it does not lose its status thereafter as a set-up still merely because it is dismantled in part in preparation of another run.* Here, the still is shown to have been a going concern the day before defendants were apprehended preparing a run. Because of the nature of the apparatus, partial dismantling is necessary while a new run is being prepared. Where the dismantled parts may be during the preparatory interval does not seem material. \* \* \*" (Emphasis supplied.)  Id. at 412.

Nevertheless the appellants strongly argue that whether or not the apparatus in question was in fact a still should have been submitted to the jury and take the position that the failure to do so constituted a finding of fact by the court in derogation of the right of the jury to determine what facts have been proved beyond a reasonable doubt. In other words, appellants' position is that the court may not withdraw from determination by the jury any essential fact in the case, even though there is uncontradicted evidence with respect to the existence of such fact. They quote from United States v. Murdock, 290 U.S. 389 at page 394, 54 S.Ct. 223, at page 225, 78 L.Ed. 381 (1933) as follows:

"A federal judge may analyze the evidence, comment upon it, and express his views with regard to the testimony of witnesses. He may advise the jury in respect of the facts, but the decision of issues of fact must be fairly left to the jury. \* \* \*"

And a number of other similar quotations from other cases are cited in appellants' brief.

But note that the quotation above says that "issues of fact" are for the jury.

There can be no "issues of fact" where there is no controversy as to the facts. And there can be no issue as to a fact where credible testimony with respect to it is neither denied nor impeached.

In this case there was no conflicting evidence as to the existence of a still. The court found, rightly, that the fact that certain necessary parts had been temporarily removed and hidden nearby did not convert the apparatus from a still to something else. This was a question of law for the court and the court in effect charged the jury that the temporary removal of these parts (which were found nearby) did not convert the still into something else. And this was no invasion of the province of the jury.

A similar argument was made in United States v. Jonikas, 197 F.2d 675 (7th Cir. 1952) where the defendant was charged with passing counterfeit bills. The district court charged the jury that the bills were in fact counterfeit, as there was evidence of that fact and no evidence to the contrary, and that the only issue for the jury to decide was whether the defendants knew that they were counterfeit. The circuit court held that it was proper for the court in its charge "to assume the existence of facts, the existence of which is undisputed or proved beyond controversy".

In Malone v. United States, 238 F.2d 851 (6th Cir. 1956) at page 852 the court said: "However, the Schwachter case pointed out that, when a fact is not made an issue by defendant and it is shown without controversy by the evidence, the trial judge does not commit reversible error in stating that fact to the jury."

To the same effect see United States v. Mura, 191 F.2d 886 (2d Cir. 1951); United States v. Rainone, 192 F.2d 860 (2d Cir. 1951); and Lyons v. United States, 325 F.2d 370 (9th Cir. 1963).

As these cases hold, an instruction which assumes an admitted or uncontroverted fact cannot be held to be erroneous.

The decision below is

Affirmed.