Joseph William **GABLE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 24267.

United States Court of Appeals
Fifth Circuit.

June 22, 1967.

Harold L. Murphy, Tallapoosa, Ga., for
appellant.

F. D. Hand, Jr., Asst. U. S. Atty.,
Charles L. Goodson, U. S. Atty., for appellee.

Before COLEMAN and AINSWORTH,
Circuit Judges, and CARSWELL, District Judge.

PER CURIAM:

The appellant says the evidence was insufficient to support the jury's verdict convicting him of five offenses involving illicit liquor activity.

In this posture, the record has been examined from a view most favorable to the government without weighing it or determining the credibility of witnesses. See Lambert v. United States, 5 Cir., 1961, 261 F.2d 799; Hargrove v. United States, 5 Cir., 1944, 139 F.2d 1014, cert. den. 321 U.S. 797, 64 S.Ct. 937, 88 L.Ed. 1085; and Roberts v. United States, 5 Cir., 1945, 151 F.2d 664.

The law recognizes the actual and also technical distinctions concerning the proof of various illicit liquor charges like the ones in this indictment. What may be sufficient evidence to support a verdict for carrying on the business of a distiller may be quite inadequate to sustain conviction for possession. See United States v. Romano, 382 U.S. 136, 141, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965) and Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519.

We find no actual or technical flaw in the proof here with regard to any count.

Suffice to say, an officer testified, and the jury could believe, that he saw appellant in a squatting or crouched position with a bucket or pail catching moonshine as it flowed from the condenser of a fully operative, nonregistered distillery. We can only view the jury's verdict here as reflecting its pragmatic conclusion that, in effect, the maid was observed milking the cow. This tells a great deal about the process, the product, and the specific activities of this appellant. Upon full and fair instruction by

**550**

the Court, devoid of any presumption save innocence, the jury was justified under the teachings of *Romano* and *Tot* in reaching its conclusion that he was: (1) carrying on the business of a distiller, (2) possessing a still, (3) fermenting mash, (4) producing distilled spirits, and (5) possessing distilled spirits.

The judgment is

Affirmed.