**Roy Lee BURKE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 24777.

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1968.

Claude Garvin, Gainesville, Ga., for appellant.

Robert L. Smith, Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before BROWN, Chief Judge, and GEWIN and WRIGHT,* Circuit Judges.

PER CURIAM:

By a two count indictment, Appellant was charged in Count One with carrying on the business of a distiller and in Count Two of doing so with intent to defraud the United States in violation of 26 U.S.C.A. §§ 5601(a) (4) and 5602. The Jury acquitted Appellant on Count Two but found him guilty of carrying on the business of a distiller. The sole contention before us is the sufficiency of the evidence to support the Jury's verdict. We affirm.

* Of the District of Columbia Circuit, sitting by designation.

Appellant was apprehended by Revenue agents after an unsuccessful and very brief flight at and from the site of a still which was not then in actual operation but which, by Appellant's own statements made to the ATU agent, would have been operable the next day. Appellant further admitted that he and another man, unapprehended by the agents, were going "to mash in the distiller" at that time.

Likewise, he voluntarily declared (and did not deny when he took the stand as his sole defense witness) that the truck previously seen at the site and found there at the time of his arrest was either his or under his control and that he had used it to haul tar paper and coke to the still site, as well as brick for use in reassembling the still. This was no small apparatus. At the time of the raid there was a 300-gallon metal still lying on the ground ready to be put in position in place of a 200-gallon still which had ruptured. A 55-gallon metal still, six 500-gallon plywood boxes or vats, ten sacks of coke, eight 100-pound bags of wheat brand and the usual other distilling equipment were also found at the site. When Appellant put his credibility on the line the Jury was authorized to discredit his claim of being there as an innocent artisan in repairing and installing material and equipment fit for use as a still. He readily acknowledged that he knew it was a still and was shortly to be used as such. All of this was at least enough to make him an aider and abettor, thus criminally accountable as a principal, 18 U.S.C.A. § 2 (1950).

Nor is the Appellant saved by the argument pressed upon us so vigorously that a still must be completely operable before one may be said to be carrying on the business of a distiller. We rejected that notion in Rewis v. United States, 5 Cir., 1957, 242 F.2d 508. There we said that the Jury could find the Defendants guilty of carrying on the business of a distiller even though actual distillation had not begun.[1] The evidence is even stronger here for it shows that the still in question had been in actual operation in the very recent past on a substantial scale and the shutdown was solely for repairs and reinstallation. The facts being adequate, nothing in our very recent opinion in Gilliland v. United States, 5 Cir., 1967, 385 F.2d 912 is to the contrary.

Affirmed.

---

1. Accord, United States v. McGee, 6 Cir., 1963, 315 F.2d 479; Otto v. United States, 7 Cir., 1928, 29 F.2d 504; Colasurdo v. United States, 7 Cir., 1928, 22 F.2d 934; cf. Griffin v. United States, 4 Cir., 1959, 269 F.2d 903; Henry v. United States, 6 Cir., 1953, 204 F.2d 817;

Supreme Malt Products Co. v. United States, 1 Cir., 1946, 153 F.2d 5; United States v. Griesel, D.Minn., 1954, 122 F. Supp. 646; United States v. Williamson, E.D.Tenn., 111 F.Supp. 411, affirmed per curiam, 6 Cir., 1953, 208 F.2d 692.