Thurston **HILL**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24598.

United States Court of Appeals
Fifth Circuit.

May 17, 1968.

Rehearing Denied July 31, 1968.

———◆———

John S. Tucker, Jr., Birmingham, Ala., for appellant.

R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Messrs. Harris, Hester and Hill, were charged in a four-count indictment with violating Title 26 U.S.C.A. §§ 5179, 5222 (a) (1), 5601(a) (4) and 5681, in that they, respectively, possessed an unregistered distillery, made and fermented mash on premises other than a distillery, carried on the business of a distiller without giving bond, and worked in a distillery on which no "registered distillery" sign had been posted. Hester pleaded guilty, Harris was convicted on count four with a verdict having been directed in his favor on the other three counts. Hill was found guilty by the jury on all four counts and this appeal is from the judgment of conviction entered on that jury verdict.

Two stills located on the same premises in Franklin County, Alabama are involved. The revenue agents knew of the stills and had the premises under surveillance at the time in question. Two of the agents could see the stills in operation. They watched for some twenty minutes. They were from twenty five to forty yards away. They could see two men moving about the stills but could not tell precisely what they were doing. It developed that Harris was the watchman, stationed nearby, and he fired a warning shot upon seeing a third agent. The two men ran from the still site and were almost immediately captured. They turned out to be Hester and Hill.

Harris' story was that he was squirrel hunting. Hill's story was that he had been hunting in the area three or four days earlier and had lost his dog. He was looking for his dog and chanced upon the stills. He had parked his car on the highway about one half mile away. He was looking at the stills out of curiosity when Hester arrived about five minutes later. He remained there about fifteen additional minutes conversing with Hester and looking about. He had "seen Hester before". Upon hearing several shots, Hester and Hill became afraid, ran from the still site and were captured.

They were then brought back to the site. Hill claimed a jacket which had been found on the ground beside one of the still vats. He explained this by tes-

tifying that he was hot from walking and had taken off the jacket and placed it on the ground at the time he drank water from the branch near the stills.

On the trial, Hester, 22 years of age, took all of the blame. He claimed that he alone purchased the necessary materials and set up the stills and that he was working the stills alone. He admitted working at the stills including the twenty minute period while the agents were watching the operation. The two agents testified that Hill and Hester were moving about in and around the still yard. They could not give any instance of specific work being done.

Hill asserts that the evidence was insufficient to make a jury question on any of the charges and that the court therefore erred in having failed to direct a verdict of acquittal in his favor. He also contends that the court erred in having failed to grant his several motions for mistrial based on prejudicial argument of the prosecutor. We affirm.

Hill relies heavily on Vick v. United States, 5 Cir., 1954, 216 F.2d 228. There we held that presence and flight combined were not a sufficient basis for conviction of possession of an unregistered distillery, or for working in a distillery with no registered distillery sign thereon, or for possessing non-tax paid distilled spirits. The decision is based on the proposition that the jury would not have been warranted in concluding that the evidence excluded every reasonable hypothesis save that of guilt. Vick's story was that he was hunting and chanced upon the still even though it was being operated by his relatives. It was a good hunting area and he had a shotgun with him.

Here there is evidence over and above presence and flight. The case of Icenhour v. United States, 5 Cir., 1951, 187 F.2d 663, is somewhat similar. There the evidence of presence, flight from the still, and the fact that defendant was present in the still yard and moving about the still doing some kind of work was found sufficient to warrant submission of the question of guilt to the jury. The charges in that case which are pertinent here are possession of an unregistered distillery, carrying on the business of a distiller without having given a bond, and working at a distillery where no registered distillery sign was posted. The court pointed out that the witnesses were unable to particularly designate the precise work defendant was doing but that they were not shaken in their belief that he was moving about the still and, as they put it, working there.

The agents in this case testified that Hill was moving about the still just as was Hester. Hester admitted that he was working the stills. This, coupled with the fact that the jacket was found next to a vat, that Hill claimed the jacket plus presence and flight was sufficient to take the case to the jury. It is true that the agents did not testify to the conclusion that Hill was working. It is also true that one agent changed his testimony in this regard from a statement that Hill and Hester were working to say that he did not know if they were working. It is to be remembered that Hester admitted working at the time and the agents drew no distinction between the activity of Hill and Hester. They were both moving in and around the still yard during the period of surveillance. The still was in operation and producing distilled spirits at the very time. Hill had removed his jacket and placed it beside a vat. This evidence, in sum, made a jury question on all four counts.

The assignment of error based on alleged prejudicial arguments on the part of the prosecutor is without merit. None of the arguments were beyond the pale. There was no error in denying the motions for mistrial. Cf. McClanahan v. United States, 5 Cir. 1956, 230 F.2d 919.

Affirmed.