Timothy B. **LANCE** and Jarvis E. Gooch,
Appellants,

v.

**UNITED STATES** of America,
Appellee.

No. 24786.

United States Court of Appeals
Fifth Circuit.

March 26, 1969.

Certiorari Denied June 9, 1969.
See 89 S.Ct. 2017.

Robert B. Thompson, Gainesville, Ga.,
for appellants.

Robert L. Smith, Charles B. Lewis, Jr.,
Asst. U. S. Attys., Charles L. Goodson,
U. S. Atty., Atlanta, Ga., for appellee.

Before GEWIN and THORNBERRY,
Circuit Judges, and EDENFIELD,
District Judge.

EDENFIELD, District Judge:

The opinion of the Court previously
issued in this case on August 14, 1968, is
hereby withdrawn and the following
opinion is substituted:

Appellants were each convicted in the
Northern District of Georgia on three
counts connected with the operation of an
illegal distillery in and near which they
were arrested.

Appellant Gooch was arrested under
the following circumstances:

Alcohol Tax agents arrived at the site
of a recently discovered illegal distillery,
hidden deep in the woods on property
adjoining that of appellant Lance's
mother, at about 8:15 P.M. on July 14,
1966. While examining the still, they
had to conceal themselves in some nearby
shrubbery upon hearing and seeing that
someone was coming down a path toward
the distillery. After performing some
minor mechanical or electrical operation
in the area of a nearby spring, the nature
of which is not absolutely clear from the
record, the person came back up the trail
and, departing from the main path, came
into the still yard, where he was arrested
when he shined his light on the hidden
officers. The person arrested was appellant Gooch.

At the trial, Gooch claimed that he had
gone to the spring near the still yard to
restart a water pump which pumped
water from the spring to the adjoining
houses of his friend Lance and Lance's
mother. The evidence as a whole showed
that the water pump was connected via a
switch box near the spring to an electric
power source at the residences. From
the switch box, which was near the water
pump, electric lines ran to the distillery
area and serviced the equipment. Among
the distillery equipment examined a few
moments after the officers arrested

Gooch was an electric pump which was pumping illegal liquor from a large metal tank to a shed near the residence. The pump was still operating at that time and had drawn the liquor level down approximately one inch. The continuing decrease was visible to the naked eye. Although there was no explicit testimony as to when the liquor pump had begun to run, the evidence clearly supported at least an inference that it was while Gooch was in the area of the switch box and not visible to the officers.

The three counts on which Gooch was convicted were for violations of 26 U.S.C. § 5601(a) (4), carrying on the business of a distiller without having posted bond; 26 U.S.C. § 5601(a) (7), illegally producing mash; and 26 U.S.C. § 5601 (a) (8), illegally producing spirits. He received concurrent sentences of one year on each of the first two counts and one year on probation on the third count. He attacks each conviction primarily on the ground of the insufficiency of the evidence.

■ The evidence as to Count One is supported by a presumption contained in 26 U.S.C. § 5601(b) (2).[1] The evidence showed Gooch's presence at the still beyond any question. Whether all the other evidence provided a satisfactory exculpatory explanation of that presence was a matter for the jury and it apparently found against him. Among the elements it could have considered as weighing against Gooch's story were the coincidental apparent start-up of the pump at the still, Gooch's apparent familiarity with the still site and the area around it, his record of a previous conviction "in connection with the whiskey business" (not to mention a previous conviction for burglary and larceny), and his long-time close association with the Lance family. The other elements so heavily outweigh the story offered by Gooch that when considered together with the presumption afforded by the statute, we can hardly say that the evidence is insufficient as a matter of law to support the conviction. See United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); Pinion v. United States, 397 F.2d 27 (5th Cir. 1968); Hill v. United States, 395 F.2d 694 (5th Cir. 1968); United States v. Gulley, 374 F.2d 55 (6th Cir. 1967); and compare with Gilliland v. United States, 385 F.2d 912 (5th Cir. 1967); Cuthbert v. United States, 278 F.2d 220 (5th Cir. 1960).

We can find no merit in Gooch's various other objections to the judgment on Count One.

■ Under the doctrine first enunciated by Chief Justice Marshall in Locke v. United States, 7 Cranch 339, 344–345, 3 L.Ed. 364 (1813), and consistently followed thereafter,[2] if the evidence on any one count of a multi-count indictment is sufficient to sustain the verdict, it is not necessary to examine the other counts where the sentences imposed thereon are made to run concurrently. As we find the evidence sufficient to sustain the conviction on Count One, it is not necessary to consider the merits of the conviction on Count Two.

■■ The third, or "spirits", count is supported by a presumption contained in 26 U.S.C. § 5601(b) (4).[3] We have

1. Whenever on trial for violation of subsection (a) (4) the defendant is shown to have been at the site or place where, and at the time when, the business of a distiller or rectifier was so engaged in or carried on, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without jury).

2. E.g., United States v. Trenton Potteries Co., 273 U.S. 392, 47 S.Ct. 377, 71 L.Ed. 700 (1927); Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L. Ed. 1774 (1943); United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965).

3. "Whenever on trial for violation of subsection (a) (8) the defendant is shown to have been at the site or place where, and at the time when, such distilled spirits were produced by distillation or any oth-

serious doubt as to whether a person could be convicted solely on the strength of this presumption in view of its dubious constitutionality. Compare U. S. v. Gainey, supra, with United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965). Therefore, without now relying upon it,[4] but viewing the other evidence as a whole most favorably to the Government, as we should on appeal from a conviction, we find there is sufficient evidence to have supported the jury in finding beyond a reasonable doubt that Gooch started the pump which was pumping the already distilled spirits from the still site to what was apparently a surge tank at the bottling shed. This is an integral element in the production of distilled spirits prohibited by 26 U.S.C. § 5601(a) (8), and there was no error in the conviction of Gooch under this count.

■ Appellant Lance's argument as to each of the counts on which he was convicted hinges on the legality of his arrest and the subsequent warrantless search of a small building in which he was caught wet-handed, filling plastic jugs with whiskey from a hose. The officers who had arrested Gooch at the still site had followed the hose through which the liquor was being pumped through the woods to the vicinity of the building. There was evidence from which the trial judge could have found that Lance was then in plain view of the officers through an open door. The officers entered the building and placed Lance under arrest. Such an arrest is clearly legal, although it may have involved entering the building to actually put the person in custody. It required no search to see the contraband lying about within the building. We can find no basis for concluding that the motion to suppress was erroneously denied. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); United States v. Williams, 351 F.2d 475 (6th Cir. 1965); United States

v. Shew, 324 F.2d 733 (4th Cir. 1963); United States v. Young, 322 F.2d 443 (4th Cir. 1963); Martin v. United States, 155 F.2d 503 (5th Cir. 1946).

The decision of the District Court as to appellants Lance and Gooch is therefore affirmed.

---

er process from mash, wort, wash, or other material, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfac-

tion of the jury (or of the court when tried without jury)."

4. The presumption was not charged to the jury.