**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Carl ANDREWS, Jr., Defendant-Appellant.**

**No. 28273**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 28, 1970.

William Carl Andrews, Jr., Baldwin, Ga., pro se.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

William Carl Andrews, Jr., appeals pro se from the judgment convicting him of aiding and abetting others in carrying on without giving bond, in violation of 26 U.S.C. § 5601(a) (4), the business of distiller. He bases this appeal solely upon the ground that the evidence against him was insufficient to support his conviction. Having carefully reviewed the record, we conclude that his conviction must stand.[1]

On a motion for acquittal the relevant inquiry is whether the evidence is sufficient upon which a jury might reasonably base a finding that the accused is guilty beyond a reasonable doubt. Surrett v. United States, 5 Cir., 1970, 421 F.2d 403; Jones v. United States, 5 Cir., 1968, 391 F.2d 273. We must consider this case in the light of the evidence most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Most of the evidence against Andrews is circumstantial. In reviewing this evidence, we must determine whether reasonable minds could conclude, as the jury did, that this evidence is inconsistent with the hypothesis of the accused's innocence. Surrett v. United States, 5 Cir., 1970, 421 F.2d 403, 405; 2 Wright, Federal Practice and Procedure § 467, at 258–259 (1969).

Government witnesses testified that Andrews was seen coming from a path leading from the distillery. Malt, corn, barley, and sugar traces were found in the trunk of Andrews' car. Traces of fluorescent paste, which had previously been smeared by federal agents on various implements at the distillery, were found on the steering wheel and front seat of his automobile. A Government witness also testified that Andrews had admitted his involvement in the operation of the distillery. We conclude that the testimony regarding this admission was properly admitted into evidence. The Trial Judge, out of the presence of the jury, heard evidence as to the events surrounding the admission and determined that the admission was voluntarily made after Andrews was warned of his rights. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). We have no basis for concluding that his determination of voluntariness was wrong. There is sufficient evidence to support the jury's verdict. Gable v. United States, 5 Cir., 1967, 379 F.2d 549; see Lance v. United States, 5 Cir., 1969, 409 F.2d 698; Johnson v. United States, 5 Cir., 1969, 408 F.2d 1097; Burke v. United States, 5 Cir., 1968, 387 F.2d 905.

Affirmed.

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir. R. 18; see Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, 527–530; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.