**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Hershel HOLLON, Defendant-Appellant.**

No. 29185
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 7, 1970.

George W. Cameron, Jr., Montgomery, Ala., for appellant.

Ira DeMont, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

In this moonshine case, appellant was found guilty on both counts of an indictment charging violation of federal Internal Revenue laws, Sections 5179(a) and 5601(a) (1), 5601(a) (7), Title 26, U.S.C.A. The only issues on appeal are whether the paraphernalia Hollon had in his possession constituted a still and whether venue of the crime was proved.

The paraphernalia in defendant's barn, together with the 140 gallons of rye mash

in the seven 55-gallon fermenters certainly met the "set up" test of Phillips v. United States, 5 Cir., 1970, 427 F.2d 1025, a recent case in which Chief Judge Brown of this Circuit so ably discussed the statutory provisions of 26 U.S.C.A., §§ 5179(a) and 5601(a). Hollon relies upon the case of Liverman v. United States, 4 Cir., 1958, 260 F.2d 284, but under the facts in the case at hand, *Liverman* does not compel a different result.

A perusal of the entire record clearly indicates that there is no merit in appellant's contention that venue was not proved in the district court.

Affirmed.