**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Carl ANDREWS, Sr., Defendant-
Appellant.**

**No. 29040**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 3, 1970.

John N. Crudup, Gainesville, Ga.
(Court appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty.,
Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN
and CLARK, Circuit Judges.

PER CURIAM:

William Carl Andrews, Sr. appeals
from a jury conviction for aiding and
abetting others in carrying on the business of a distiller without giving bond
in violation of 26 U.S.C.A. § 5601(a)
(4). He appeals solely on the contention that the evidence was insufficient
to support the conviction. We have
carefully examined the record and
found that there was sufficient evidence upon which the jury could have
based the conviction. Accordingly, we
affirm.

The record does not disclose on its face
that Andrews moved for a judgment of
acquittal in the trial court pursuant to
Fed.R.Crim.P. 29. Ordinarily, in light
of this failure, we would review the record only to determine if allowing the conviction to stand would result in a manifest miscarriage of justice. *See, e. g.,*
Fitzpatrick v. United States, 410 F.2d
513 (5th Cir. 1969); Smith v. United
States, 403 F.2d 689 (5th Cir. 1968).
The record does reveal that, at the close
of the government's case, Andrew's counsel informed the court that he had a motion to make outside the presence of the
jury. The court heard both counsel at

---

\* ▇ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir., 1970, 431
F.2d 409, Part I.

the bench, outside of the hearing of the jury and court reporter; however, there is nothing in the record to indicate in any way the nature of this motion. Because we find that the evidence fully supported the conviction, we do not choose to follow the narrow path of review in search of a "manifest miscarriage of justice," rather we consider the appeal as if a motion for acquittal has been made.

On a motion for acquittal the court must determine whether there was sufficient evidence, when viewed most favorably to the government,[1] upon which a jury might reasonably base a finding that the accused was guilty beyond a reasonable doubt. Surrett v. United States, 421 F.2d 403 (5th Cir. 1970). Since the evidence against Andrews is primarily circumstantial, we must determine whether reasonable minds could conclude, as the jury did, that this evidence is inconsistent with "every reasonable hypothesis of his innocence." United States v. Kolsky, 423 F.2d 1111 (5th Cir. 1970); United States v. Andrews, 427 F.2d 539 (5th Cir. 1970); Surrett v. United States, *supra*.

The still was found 250 yards north of Andrew's house. Government agents heard three different voices coming from the still and observed Andrews and his alleged co-conspirators coming from the still to his house. Andrews argues that his mere presence in the area of the still is insufficient in itself to support the conviction. *See, e. g.*, United States v. Joiner, 429 F.2d 489 (5th Cir. 1970); Surrett v. United States, *supra*; Vick v. United States, 216 F.2d 228 (5th Cir. 1954). His presence at the still, however, was not the only evidence in the case. Government agents had smeared fluorescent paste on the still apparatus. After his arrest, traces of this paste were found under his fingernails, on his pants and shoes and inside his car, in which the agents also found traces of malt, corn barley and sugar. More raw materials, three gallons of moonshine and a case of empty jars, which had been previously marked by government agents for identification at the still site, were also found in an outbuilding on his premises.

This court has recently affirmed the conviction of Andrew's son as a co-conspirator in the same crime on substantially the same evidence. United States v. Andrews, supra. Taken as a whole the evidence presented to the jury was sufficient for them reasonably to conclude that Andrews, Sr. was guilty beyond a reasonable doubt.

Affirmed.

1. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Pinion v. Union States, 397 F.2d 27 (5th Cir. 1968).

