**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ruben LEE, Defendant-Appellant.**

**No. 73-2549**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1973.

---

3. The appropriate burden in Arizona. Porter v. Porter, ante.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

prosecution witnesses. Inasmuch as Ingraham's testimony alone is sufficient to sustain Lee's conviction, *see* United States v. Iacovetti, 5 Cir. 1972, 466 F.2d 1147, 1153, her corroborated testimony obviously sufficed to send the case to the jury. *See* Glasser v. United States, 1941, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Hill, 5 Cir. 1973, 481 F.2d 929; United States v. Stephenson, 5 Cir. 1973, 474 F.2d 1353; United States v. Warner, 5 Cir. 1971, 441 F.2d 821; United States v. Andrews, 5 Cir. 1970, 427 F.2d 539.

Affirmed.

Manuel James, Key West, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Lawrence B. Craig, III, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

In a jury trial, Lee was convicted on two counts of possession and distribution of heroin in violation of 18 U.S.C.A. § 2 and 21 U.S.C.A. § 841 (1970). We are wholly unpersuaded by Lee's sole contention on appeal that the Government's evidence adduced at trial was insufficient as a matter of law to allow the case to go to the jury.

During the trial, the accomplice, Vicki Ingraham, directly implicated Lee, and her testimony was corroborated in large measure by the two other